MRS. LOUISE GAME v. CHARLES STORES COMPANY, INC., AND KING'S
DEPARTMENT STORES OF RALEIGH, INC.

(Filed 14 December, 1966.)

**1. Pleadings § 19—**

Demurrer for failure of the complaint to allege facts sufficient to con-
stitute a cause of action must be overruled if the complaint, in any por-
tion or to any extent, presents facts entitling plaintiff to any relief, or if
facts sufficient for that purpose can be fairly gathered from it.

**2. Negligence § 37a—**

A person in using a parking lot provided by the store owner for use of
patrons, and in walking from his parked vehicle to the store is an invitee.

**3. Negligence § 37b—**

While the doctrine of *res ipsa loquitur* does not apply to injuries to an
invitee on the premises of a store, the store owner is liable for injuries
resulting from its failure to exercise ordinary care to keep in a reasonably
safe condition that part of the premises where, during business hours, in-
vitees are expected.

**4. Negligence § 37d—    Complaint held to state cause of action to recover
for injury to patron from bottle thrown by wheel of car using parking
lot.**

Allegations that plaintiff parked her vehicle in a parking lot provided
by a store and walked to the store in that portion of the driveway parallel
to the store building, which was the only approach to the entrance of the
store, that the store owner had permitted bottles and other trash to ac-
cumulate and remain in the parking lot after notice and after ample time
had elapsed for their removal, and that the moving wheel of a vehicle
using the driveway caused a bottle to be thrown against plaintiff, in-
flicting serious and permanent injuries, *held* sufficient to state a cause
of action and defendant's demurrer thereto should have been overruled,
since it could have been anticipated that the wheel of a moving vehicle
might impel a loose bottle and cause injury to a customer using the
premises.

APPEAL by plaintiff from *May, S.J.*, June, 1966 Assigned Civil
(Non-Jury) Session, WAKE Superior Court.

In this civil action the plaintiff alleged that on June 27, 1964, the
defendant, Charles Stores Company, Inc., operated a retail depart-
ment store in the City of Raleigh, and provided and maintained for
its customers a parking area in front of the store. The area was
marked by painted lines designating parking and driving areas.
The driving area was parallel with and adjacent to the front of the
store. Subsequent to the above date, Charles Stores Company, Inc.,
sold the entire business to King's Department Stores of Raleigh, Inc.,
which assumed all obligations and liabilities of the store.

Here, in short summary, are the plaintiff's further allegations:
About 4:00 p.m. on June 27, 1964, the plaintiff parked her automo-

bile in one of the designated parking spaces for the purpose of entering the store as a customer. Charles Stores had placed wooden boxes containing potted plants in that part of the driveway adjacent to the front of the store. Plaintiff's "direct path to the front door . . . was blocked by these plant boxes." As the plaintiff walked along the driveway near the boxes, an automobile driven by a customer entered the parking area over the driveway, ran over a soft drink bottle and "caused the bottle to be thrown with terrific force," striking the plaintiff and causing severe, painful, and permanent injuries.

More particularly the plaintiff alleged:

"9. That the bottle that was thrown against the plaintiff's foot and other bottles and trash were lying around the driving area and had been allowed to accumulate and to remain in the driving area and parking lot for a considerable period of time and that the defendant Charles Stores Company, Inc. had carelessly and negligently allowed said bottles and other trash and material to remain in the parking area when it and its employees had ample notice of the existence and location of the bottles and trash or when exercising due care the defendant Charles Stores Company, Inc. and its employees should have known that bottles and trash were lying on and near the driveways of the parking lot and when the defendant Charles Stores Company, Inc. had had ample time and opportunity to clean up the parking and driving areas and to remove the bottles and trash that had been allowed to accumulate.

"10. That the plaintiff's injury was solely and proximately caused by the carelessness and negligence of the defendant Charles Stores Company, Inc. in allowing the bottle and other bottles and trash to remain in and on the driving area in a place where they could be struck and run over by vehicles and thereby thrown against pedestrians lawfully using the parking area and driveways, when the said defendant had had notice and knowledge of the condition that existed and had failed to remove the bottles and trash, even though it had had ample opportunity to do so."

The defendants filed a demurrer upon the ground the complaint failed to allege facts sufficient to constitute a cause of action. The court entered judgment sustaining the demurrer and dismissing the action. The plaintiff excepted and appealed.

*Smith, Leach, Anderson & Dorsett for plaintiff appellant.*
*Broughton & Broughton for defendant appellees.*

HIGGINS, J.   The plaintiff has appealed from a judgment sustaining the demurrer and dismissing the action upon the ground the complaint failed to state a cause of action. In passing on the appeal, this Court is required to examine the complaint and to determine as a matter of law whether it contains sufficient factual averments to survive the demurrer. "If the complaint, in any portion of it or to any extent, presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, it will survive the challenge of a demurrer based on the ground that it does not allege a cause of action. *Bailey v. Bailey, supra;* (243 N.C. 412)" *Murphy v. Murphy,* 261 N.C. 95, 134 S.E. 2d 148.

The facts alleged are sufficient to permit a finding the plaintiff was an invitee on the defendants' premises at the time of her injury. This relationship does not constitute the defendants insurers of her safety, and *res ipsa loquitur* is not applicable; nevertheless, liability attaches for injuries resulting from the defendants' actionable negligence. *Morgan v. Tea Co.,* 266 N.C. 221, 145 S.E. 2d 877; *Long v. Food Stores,* 262 N.C. 57, 136 S.E. 2d 275. The owner of a store must exercise ordinary care to keep in a reasonably safe condition that part of the premises where during business hours invitees are expected. The owner's duty extends to a parking lot provided by the owner for the use of the invitees. *Berger v. Cornwell,* 260 N.C. 198, 132 S.E. 2d 317.

The driveway into and out of the parking lot parallels the front of the store. At the time of plaintiff's injury, that portion of the driveway adjacent to the building was used for the display of azaleas and other plants. These were contained in wooden boxes placed on that portion of the driveway nearest the wall of the building. An automobile operated on the driveway by another customer ran over one of the soft drink bottles. The moving wheel caused the bottle to be thrown with "terrific" force against the plaintiff, inflicting serious and permanent injuries. Charles Stores Company, Inc., had carelessly and negligently permitted the bottles and other trash and material to accumulate and to remain in this parking area after it had notice of their presence and location and had ample time and opportunity to remove them. The plaintiff's injuries required hospitalization and surgery. As a result of the cost of treatment, the loss of time from work, and other elements of damage, the plaintiff alleges she is entitled to recover $25,000.00.

From the facts alleged, it may be inferred the defendant, Charles Stores, should have anticipated (1) an invitee would use the only approach from the parking area to the entrance into the store; (2) that a customer would or might be on the driveway near the empty bottles and other debris the defendants had negligently permitted to

accumulate and to remain in the driveway; (3) that customers would operate their motor vehicles over the driveway entering and leaving the parking area; (4) that the wheel of a moving automobile would, or might, make a missile out of one of the loose bottles and injure another customer attempting to enter the store from the parking area.

We think the facts alleged and the legitimate inferences from them meet the minimum standards, and state a cause of action.

This case is now in the pleading stage and the discussion involves allegations only. This decision now goes no further than to hold that if the plaintiff proves all she has alleged she will be entitled to have the jury pass on appropriate issues. The judgment sustaining the demurrer is

Reversed.