CLARINDA SMITHSON v. W. T. GRANT COMPANY.

(Filed 1 March, 1967.)

1. **Negligence § 37b—**

While the proprietor of a store is under duty to exercise ordinary care to keep the premises in a reasonably safe condition he is not an insurer of the safety of his customers, and no inference of negligence arises merely from the fact of a fall by a customer in the store, nor does the doctrine of *res ipsa loquitur* apply thereto.

**2. Negligence § 37f—**

 Evidence tending to show that a customer in a store stepped on a screw in the aisle and fell to her injury, without evidence as to how long the screw had been on the floor prior to the accident or that the proprietor in the exercise of due care could or should have known of its presence, is insufficient to be submitted to the jury on the issue of the proprietor's negligence.

APPEAL by plaintiff from *Bundy, J.,* September 1966 Mixed Session of CAMDEN.

Civil action to recover damages for personal injuries suffered by plaintiff from falling in defendant's store. Plaintiff's evidence was substantially as follows:

Plaintiff testified that she entered defendant's store at about 10:45 in the morning on 20 October 1966; she was accompanied by her two 11-year old grandchildren and her son-in-law, William Batts. After entering the store, the two grandchildren preceded her in the aisle of the store, and when she had walked some 20 to 24 feet into the store, "I stepped on something. I felt something under my foot, my left one, and it kinda of rolled and it tripped me on my right side, and throwed me in the floor. . . . I stepped on that object." After she fell, Bill Batts assisted her until a chair was brought, and while she was sitting in the chair, Bill Batts picked up a grey screw. The screw was found right behind the chair, which was placed near where she fell. She was then removed to a hospital and treated for a broken leg.

William Batts, plaintiff's son-in-law, testified that he was walking immediately behind and to the right of plaintiff when she fell; that after she fell he assisted her into a chair and shortly thereafter he found a grey screw beside the chair. He, together with two or three other people, was looking for something that she might have stepped on, and it was somewhere between three and eight minutes after she fell before the screw was found.

There was evidence that the pattern of the floor in defendant's store was red and grey blocks, and there was some lint on the floor and some sand and dirt by the counter.

Plaintiff also offered evidence as to her injuries and of her treatment.

At the close of plaintiff's evidence defendant moved for judgment of nonsuit, which was granted by the court. From this judgment plaintiff appeals.

*John T. Chaffin for plaintiff.*
*John H. Hall for defendant.*

ANDREWS v. PITT COUNTY.

PER CURIAM. The defendant is not an insurer of the safety of those who enter its store for the purpose of making purchases, and the doctrine of *res ipsa loquitur* is not applicable. *Fox v. Tea Co.*, 209 N.C. 115, 182 S.E. 662. Plaintiff was an invitee to whom defendant owed a duty to exercise ordinary care to keep its premises in a reasonably safe condition. No inference of actionable negligence on the part of defendant arose from the mere fact that plaintiff fell on its premises as a result of slipping on an object in the aisle of defendant's store. *Graves v. Order of Elks*, 268 N.C. 356, 150 S.E. 2d 522. Plaintiff's evidence does not disclose that the object alleged to have caused her fall had been there any appreciable length of time, or that defendant in the exercise of due care could or should have known of its presence. Nor was there evidence tending to show defendant was responsible for its being there. Therefore, taking all of plaintiff's evidence as true, and considering it in the light most favorable to plaintiff, we find no evidence of neglect of duty on the part of defendant proximately causing plaintiff's injury.

Affirmed.