J. ALTON BARNES v. WILSON HARDWARE CO.

No. 857SC48

(Filed 19 November 1985)

Negligence § 47.1 — fall down hardware store steps — summary judgment for defendant improper

The trial court erred in granting summary judgment for defendant in an action arising from a customer's fall down steps at a hardware store, allegedly due to defendant's negligent failure to provide a handrail, where there were genuine issues of fact as to whether defendant maintained the steps in a reasonably safe condition, and whether defendant converted a warehouse

building behind the store to mercantile use after the adoption of a building code requiring handrails, in that the warehouse was built in 1926 and was used to store overflow merchandise, although sales personnel would show customers merchandise in the warehouse; the first floor, but not the second, was refurbished in 1964 so that customers could browse as they did in the main store; and sales people continued to show customers merchandise on the second floor, as the store owner was doing when the fall occurred. G.S. 1A-1, Rule 56.

APPEAL by plaintiff from *Llewellyn, Jr., Judge*. Judgment entered 19 November 1984 in Superior Court, WILSON County. Heard in the Court of Appeals 28 August 1985.

On 18 November 1983 plaintiff filed a complaint alleging that on 19 November 1982 he suffered personal injuries proximately caused by the negligent acts or omissions of defendant when he fell down the stairway on the premises of defendant's hardware store. Defendant filed answer on 14 December 1983, denying the material allegations contained in the complaint and asserting contributory negligence on the part of the plaintiff.

On 8 August 1984 defendant filed a motion for summary judgment pursuant to G.S. 1A-1, Rule 56. From summary judgment granted in favor of defendant, plaintiff appealed.

*M. Alexander Biggs by Martha Fountain Johnson for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner and Hartzog by Ronald C. Dilthey for defendant-appellee.*

PARKER, Judge.

In his sole assignment of error on appeal, plaintiff contends that the court erred in granting defendant's motion for summary judgment. Summary judgment is a means of expediting litigation if the pleadings, depositions, interrogatories and admissions on file, together with any affidavits show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. *Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). Summary judgment is a "drastic remedy . . . [that] must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830

(1971). This rule "does not authorize the court to *decide* an issue of fact. It authorizes the court to determine whether a genuine issue of fact exists." *Vassey v. Burch*, 301 N.C. 68, 72, 269 S.E. 2d 137, 140 (1980) (emphasis in original). "[S]ummary judgment is rarely proper in negligence cases," *Wilson Brothers v. Mobil Oil*, 63 N.C. App. 334, 337, 305 S.E. 2d 40, 42, *disc. rev. denied*, 309 N.C. 634, 308 S.E. 2d 718 (1983), and these claims "should ordinarily be resolved by trial of the issues." *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 425, 302 S.E. 2d 868, 871 (1983).

Plaintiff contends that genuine issues of material fact exist and that defendant is not entitled to judgment as a matter of law.

A claim for relief premised on negligence contains four essential elements: (i) a duty on the part of one party to conform to a certain standard of conduct, (ii) a breach of that duty, and (iii) an injury, which (iv) was proximately caused by the breach. *Jenkins v. Theatres, Inc.*, 41 N.C. App. 262, 254 S.E. 2d 776, *cert. denied*, 297 N.C. 698, 259 S.E. 2d 295 (1979).

In the instant case, the evidence presented through depositions and affidavits in support or defense of the motion for summary judgment tended to show that defendant Hardware had a warehouse across an alley behind the main hardware retail store. This warehouse was constructed in 1926. From the date of construction until 1964, the entire warehouse was used for storage of overflow merchandise, and sales personnel would take customers to the warehouse to show them merchandise. In 1964, the first floor was refurbished and glass doors put in so that customers could browse and shop in that portion of the hardware just as they did in the main store. No sales person was on duty in the warehouse display area, but a buzzer was activated when someone entered that portion of defendant's business. The glass doors leading into the first floor display area were not flush with the exterior wall of the building, but were recessed such that there was an alcove approximately 6' x 6' between the facade of the building and the double doors.

The steps, which are the subject matter of this lawsuit, were to the left, off the alcove before reaching the double glass doors. A sliding wooden door closed the alcove off during nonbusiness hours; when the hardware store was open, this sliding wooden door pushed into a slot in one wall. This door was opened in the

morning and closed in the evening. The evidence was undisputed that the second floor of the warehouse had not been remodeled at the time of the 1964 refurbishing on the first level. According to defendant's president, sales people take people up these stairs to the second level many times a day to show them merchandise stored on the second floor. There was no sign forbidding customers unaccompanied by a sales person from going up the steps, though there was a light sensitive buzzer which would sound when anyone walked up the steps.

The stairway consists of nine wooden steps walled-in on each side. The treads are approximately ten and one-half inches with a half inch overlap or nose. From the top of the stair tread to the top of the next stair tread, the steps have a vertical rise of ten inches except for the top stair which is nine inches to the landing. The distance from the top landing to the concrete landing at the bottom is eleven feet eleven inches and the angle of descent measures forty-five degrees. The steps are forty-two inches wide.

Plaintiff testified on deposition that his foot slipped and he fell; that his foot could have caught on something, but he really did not know what caused him to slip and fall. Plaintiff also signed an affidavit in which he stated that his heel caught on the back of one of the steps and his foot slipped, that he fell forward head first, and that he grabbed for something to break the fall but the only thing he could get his hand on was the door frame at the bottom of the steps.

Plaintiff also tendered the affidavit of an expert witness in industrial design. This witness stated that he had examined the steps and expressed his findings as to light illumination at various positions on the stairway with the light being approximately five footcandles at the top of the stairs and increasing to twelve footcandles at the bottom of the stairs. Plaintiff testified in his deposition that he did not think the light had anything to do with it. He saw the steps and he did not think his foot missed a step.

The evidence is undisputed that the owner of the hardware store had taken plaintiff up these stairs to the second level for the purpose of showing him wheelbarrows and that at the time of the accident, the two of them were descending the stairs after looking at the wheelbarrows. Plaintiff was, therefore, unques-

tionably an invitee on defendant's premises. A customer who enters a store for the purpose of making a purchase is an invitee, and the store owes a duty to the customer to exercise ordinary care to keep its premises in a reasonably safe condition. *Smithson v. Grant Co.*, 269 N.C. 575, 153 S.E. 2d 68 (1967). A store owner does not insure his customers against slipping and falling. "To hold the owner liable, plaintiff must show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." *France v. Winn-Dixie Supermarket, Inc.*, 70 N.C. App. 492, 320 S.E. 2d 25, *disc. rev. denied*, 313 N.C. 329, 327 S.E. 2d 889 (1985).

Plaintiff contends that defendant was negligent in failing to provide a handrail and that this omission violated the State Building Code. The basic principle of law is that "a store-owner is not generally required to provide handrails on stairways, absent some building code, safety ordinance, or other special circumstances . . . ." *Hedgepeth v. Rose's Stores*, 40 N.C. App. 11, 16, 251 S.E. 2d 894, 897 (1979). The first building code was adopted in this state in 1933. Neither the original code nor subsequent revisions thereof is applicable to buildings constructed prior to that date absent a change in the use of the building. *Carolinas-Virginias Assoc. v. Ingram*, 39 N.C. App. 688, 251 S.E. 2d 910, *disc. rev. denied*, 297 N.C. 299, 254 S.E. 2d 925 (1979).

Examining the evidence before the trial court in light of these principles and without precluding other factual questions, if any, arising on the evidence that may be adduced at trial, we hold that genuine issues of material fact exist as to whether (i) defendant converted the warehouse building from storage use to mercantile use since the building code was adopted, and (ii) defendant maintained the steps in a reasonably safe condition.

For the foregoing reasons, the judgment appealed from is

Reversed.

Judges JOHNSON and EAGLES concur.