VERNELL STALLINGS, PLAINTIFF v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, DEFENDANT

No. 8810IC390

(Filed 20 December 1988)

**Highways and Cartways § 9.2— object thrown from bridge—action for negligent design—dismissed**

The Industrial Commission did not err by dismissing a claim against the Department of Transportation for negligent planning and design of improvements to a bridge arising from injuries received by plaintiff after a third party threw or dropped a water hydrant cap from the bridge onto the car in which plaintiff was riding. Even if the Department of Transportation has a duty to protect plaintiff from the criminal conduct of third persons, the record on appeal does not disclose that any employee of the Department of Transportation had actual knowledge of the incidents at the bridge before plaintiff was injured. Under the facts of this case, the employees, officers and agents of the Greensboro Police Department are not employees, officers or agents of the State under the North Carolina Tort Claims Act.

APPEAL by plaintiff from the Industrial Commission. Decision and Order and Judgment entered 14 December 1987. Heard in the Court of Appeals 5 October 1988.

On 21 February 1983, plaintiff filed an affidavit with the Industrial Commission seeking damages for the alleged negligence

of the North Carolina Department of Transportation in the planning and design of improvements of the Tuscaloosa Street Bridge over U.S. Highway 29 in Greensboro, North Carolina. By several amendments, plaintiff named Thomas W. Bradshaw, Jr., Secretary of the Department of Transportation; E. W. Easter; J. E. Conn; John Watkins, Division Engineer; Billy Rose, State Highway Administrator; the members of the North Carolina Board of Transportation; and all employees and agents of the Department of Transportation as the State employees upon whose alleged negligence the claim is based. The Deputy Commissioner granted defendant's motion to dismiss insofar as the alleged negligence of Thomas W. Bradshaw, Jr. was concerned. On 3 May 1984, defendant filed a motion for summary judgment. On 21 November 1984, defendant filed another motion to dismiss. The Deputy Commissioner allowed defendant's motion to dismiss on 10 April 1987. Plaintiff gave notice of appeal, and the Industrial Commission adopted the Deputy Commissioner's decision on 14 December 1987. Plaintiff appeals.

*Douglas, Ravenel, Hardy, Crihfield & Moseley, by Robert D. Douglas, III, for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

SMITH, Judge.

Defendant made both a motion to dismiss and a motion for summary judgment. The Industrial Commission granted the motion to dismiss but made findings of fact based on evidence presented to the Commission.

> If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

G.S. 1A-1, Rule 12(b). Thus, we review the Industrial Commission's decision as if the motion for summary judgment had been granted. Summary judgment should be granted "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). "Where there is no genuine issue as to the facts, the presence of important or difficult questions of law is no barrier to the granting of summary judgment." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971). Questions of fact which are immaterial to the legal issues presented will not defeat the granting of summary judgment. *Id.*

The Industrial Commission found the following facts to support its order dismissing plaintiff's claim:

1. On April 28, 1980, the plaintiff was riding as a passenger in the front seat of an automobile being operated by Harry Stallings on U.S. Highway 29 in the City of Greensboro and passing under the Tuscaloosa Street bridge overpass when an individual named Rupert Weeks threw or dropped a water hydrant cap from the railing of the bridge which collided with the automobile, breaking through the windshield, striking the plaintiff in the face and causing injuries to the plaintiff's face and head.

2. At said time, Rupert Weeks was not an employee or agent of the State of North Carolina.

3. That prior to said date of April 28, 1980, the NC Department of Transportation through its agents and employees, had planned, engineered, constructed and maintained said Tuscaloosa Street Bridge without fencing along the sides and over the top of the walkways on said Bridge.

4. That said planning, engineering, construction and maintenance of said bridge without fencing on the side and top of said walkways was a decision-making and administrative function of said Department and did not constitute negligence on the part of an employee or agent of the State of North Carolina, which proximately caused the injuries giving rise to the plaintiff's complaint.

5. That plaintiff's injuries were proximately caused by the negligence and wanton disregard of the rights of others

of Rupert Weeks, in dropping or throwing the water hydrant cap from said Tuscaloosa Street Bridge.

Based on these facts, the Industrial Commission concluded that "plaintiff's injuries were not proximately caused by the negligence of an employee or agent of the State" and dismissed plaintiff's claim.

Plaintiff appeals contending the Department of Transportation is liable for plaintiff's injuries pursuant to the Tort Claims Act, G.S. 143-291. Plaintiff contends that the Department of Transportation has a duty to protect plaintiff from the criminal conduct of third persons. We reject this contention and affirm the Industrial Commission.

"It is a fundamental rule of law that the State is immune from suit unless it expressly consents to be sued." *Zimmer v. N.C. Dept. of Transportation*, 87 N.C. App. 132, 134, 360 S.E. 2d 115, 117 (1987). Claims for tort liability are expressly allowed by the waiver of the State's immunity in the Tort Claims Act.

This act imposes liability in tort actions only to the extent "a private person would be liable to the claimant in accordance with the laws of North Carolina." G.S. 143-291. Plaintiff contends that a private person would be liable for his injuries under the "foreseeability test" of *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 281 S.E. 2d 36 (1981). In *Foster*, the plaintiff sued the owners of a shopping mall for injuries received when she was assaulted in the mall parking lot. In the year before the plaintiff was assaulted, thirty-six criminal incidents at the mall had been reported. The Court enunciated a "foreseeability test": if the criminal acts of a third person are reasonably foreseeable, a landowner has a duty to exercise ordinary care to protect one on the premises to transact business. Therefore, plaintiff reasons, the Department of Transportation was negligent in planning and constructing improvements to the Tuscaloosa Street Bridge if the events surrounding plaintiff's injury were foreseeable. According to plaintiff, if any of the Department of Transportation's employees had either actual or constructive knowledge of prior similar incidents, then the acts of the third party, Rupert Weeks, were reasonably foreseeable and the Industrial Commission erred in finding plaintiff had no claim for relief. Even if we accept plain-

tiff's theory, we find no basis for recovery on the evidence presented in the record on appeal.

The record on appeal contains the affidavit of Frank W. Fields, Central Records Manager of the City of Greensboro Police Department. Attached to Fields' affidavit are reports of the Greensboro Police Department of 11 incidents between 6 June 1975 and 24 April 1980 in which objects were dropped or thrown from the Tuscaloosa Street Bridge. The transcript of evidence before the Commission reveals that a Department of Transportation division engineer was informed of the incidents at the bridge by letter on 12 May 1980, after the incident involving plaintiff on 28 April 1980. Thus, the record before this court does not disclose that any employee of the Department of Transportation had actual knowledge of the incidents at the Tuscaloosa Street Bridge before plaintiff was injured. Plaintiff has thus failed to prove negligence by the Department of Transportation under his own theory of recovery. In his brief, plaintiff refers to the Department of Transportation's answers to interrogatories which refer to incidents similar to those in which plaintiff was injured and which occurred at the Tuscaloosa Street Bridge. However, these answers to interrogatories are not included in the record on appeal and we cannot determine that the Department of Transportation had notice of criminal acts before plaintiff was injured.

Plaintiff further contends the prior reports to the Greensboro Police Department create an issue of foreseeability that should not be determined by motion to dismiss or motion for summary judgment. Plaintiff contends that the City of Greensboro is a political subdivision of the State and thus knowledge of the employees of the Greensboro Police Department is attributable to the State and its agency, the Department of Transportation. We do not agree. The Tort Claims Act establishes a claim for relief "as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority." G.S. 143-291. We hold that under the facts of this case the employees, officers and agents of the Greensboro Police Department are not employees, officers or agents of the State under the North Carolina Tort Claims Act. Plaintiff has not shown actual or constructive knowledge attributable to the Department of Transpor-

---

tation. Thus plaintiff is not entitled to recover as a matter of law. Summary judgment was properly granted.

Affirmed.

Judges ORR and GREENE concur.