## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| TIFFANY GREENFIELD, as Next Friend and Guardian *ad litem* for ETHAN FORD, a minor, | ) ) ) ) |
| Plaintiff, | ) C.A. No. N16C-07-115 FWW ) |
| v. | ) ) |
| BUDGET OF DELAWARE, INC., DFS DIRECTOR LAURA MILES, *individually and in her official capacity*; VICTORIA KELLY, *individually and in her official capacity as DFS director*, FAMILY CRISIS THERAPIST TRINA N. SMITH, *Individually and in her official capacity*; JAMIE ZEBROSKI M.S.W., *individually and in her official capacity as a Supervisor for DFS*; CRYSTAL BRADLEY, M.S., *Individually and in her official capacity as a Senior Family Services Specialist for DFS*; JAVONNE RICH *Individually and in her capacity as a Master Family Services Specialist for DFS*; NANCY CRAIGHTON, *individually and in her official capacity as a Supervisor for DFS*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Submitted: July 19, 2017
Decided: October 31, 2017
Upon Defendant Budget of Delaware, Inc.'s Motion to Dismiss

**DENIED.**

# ORDER

Andrew C. Dalton, Esquire, and Bartholomew J. Dalton, Esquire, Dalton & Associates, P.A., Cool Spring Meeting House, 1106 West Tenth Street, Wilmington, DE, 19806; Attorneys for Plaintiffs.

Jeffrey A. Young, Esquire, Young & McNelis, 300 South State Street, Dover, Delaware 19901; Attorney for Defendant Budget of Delaware, Inc.

Joseph C. Handlon, Esquire, Deputy Attorney General, Delaware Department of Justice, 820 N. French Street, 6th Floor, Wilmington, DE, 19801; Attorney for Defendants Laura Miles, Victoria Kelly, Trina Smith, Jaime Zebroski, Crystal Bradley, Javonne Rich, and Nancy Craighton.

**WHARTON, J.**

This 31st day of October, 2017, upon consideration of the Motion to Dismiss of Defendant Budget of Delaware, Inc. ("Budget"), Tiffany Greenfield's Response as next friend of and guardian *ad litem* for Ethan Ford ("Plaintiff"), argument and the record in this case, it appears to the Court that:

1. On July 15, 2017, Plaintiff brought this action against various employees of the Division of Family Services (with the exception of Nancy Craighton who was added as a defendant later) ("DFS Defendants") and Defendant Budget of Delaware, Inc., a Delaware corporation, doing business as Budget Motor Lodge.[1] The original complaint was dismissed by the Court on the motion of the then-named DFS Defendants.[2] The dismissal was without prejudice and the Court granted Plaintiff leave to file an amended complaint.[3] Plaintiff filed an amended complaint on March 24, 2017.[4] The allegations against Budget in the Complaint are unchanged in the Amended Complaint.

2. The Amended Complaint alleges that Budget was negligent, grossly negligent, and reckless, in that its agents, apparent agents, and/or employees in the course of their duties knew or reasonably should have known that Ethan Ford and his sister were being abused and other illegal conduct was occurring on its premises,

---

[1] Pl.'s Compl. D.I. 1, at 2.
[2] *Greenfield for Ford v. Budget of Delaware, Inc., et al.,* 2017 WL 729769 (Del. Super. 2017).
[3] *Id.,* at 3.
[4] Pl.'s Amend. Compl., D.I. 20.

3

rendering them unsafe (Count I);[5] Budget's conduct amounted to an intentional infliction of emotional distress on Plaintiff (Count V);[6] and Budget's conduct amounted to a negligent infliction of emotional distress on Plaintiff (Count VI).[7] Plaintiff seeks general, special, and punitive damages, plus costs and interest.[8] More specifically, Plaintiff alleges that the agents of Budget knew of his destitute living conditions, his abuse, and that he was often locked alone in the motel room.[9] Plaintiff argues that Budget was tasked with the maintenance and operation of a business operating under the laws of Delaware as a place of public accommodation.[10] Therefore the staff, employees, owners, and or agents of Budget had a duty, which they failed, to provide a safe premises, to protect its patrons from criminal acts by third parties, and to notify the proper authorities upon discovering the ongoing criminal nature of Plaintiff's living environment.[11] Plaintiff claims that Budget was grossly negligent and reckless in dereliction of the duty of care it owed its patrons.[12]

3. On March 28, 2017, Budget filed an Answer denying the allegations in the Amended Complaint and asserted various affirmative defenses, including that

---

[5] *Id.* at ¶¶ 23-25.
[6] *Id.* at ¶¶ 34-36.
[7] *Id.* at ¶¶ 37-38.
[8] *Id.* at ¶¶ 25, 36, 38.
[9] *Id.* at ¶ 17.
[10] *Id.*
[11] *Id.*
[12] *Id.*

4

Plaintiff failed to state a claim against Budget upon which relief may be granted.[13]

4. On May 4, 2017, Budget moved to dismiss the Amended Complaint for failure to state a claim.[14] Budget first argues that no claims exist against them because Plaintiff's Amended Complaint failed to establish a duty which was breached by Budget.[15] Budget asserts that allegations of unsafe premises do not apply in this case, that this case does not involve criminal conduct by a third party against the patron of a motel, and that the proprietor of a public place is not an insurer against all personal injuries inflicted on its premises.[16] Additionally, Budget argues that Plaintiff's claims are time-barred pursuant to 10 *Del. C.* § 8107.[17]

4. On June 9, 2017, Plaintiff filed his answer opposing Budget's Motion to Dismiss.[18] Plaintiff asserts that he has adequately alleged claims sounding in negligence, therefore counts I, V, and VI should not be dismissed.[19] Plaintiff argues that Budget, an innkeeper and a business which profited from its business invitees, owed Plaintiff a heightened duty of care. Specifically, Budget owed a duty of reasonable care to protect business invitees whom it knew were likely to be victims of criminal acts by third parties on its premises. Plaintiff argues that Budget

---

[13] Def. Answ., D.I. 21.
[14] Def. Mot. To Dismiss, D.I. 26.
[15] *Id.* at ¶ 5.
[16] *Id.* at ¶¶ 2-5.
[17] *Id.* at ¶ 6.
[18] Pl.'s Resp. Mot. Dismiss, D.I. 31.
[19] *Id.*

breached that duty, thereby injuring Plaintiff. Plaintiff also responds that its claims were filed timely.[20]

5. Budget filed its Motion to Dismiss under Super. Ct. Civ. R. 12(c).[21] Rule 12(c) states, in relevant part, that a motion for judgment on the pleadings may be filed "after the pleadings are closed but within such time as not to delay the trial."[22] The Court may only grant a motion for judgment on the pleadings if there are no disputed facts and the moving party is entitled to judgment as matter of law.[23]

6. The Court first turns to Defendant Budget's principal argument, which is that Plaintiff failed to establish a duty which was breached by the Defendant. Budget is incorrect. In *Jardel Co., Inc. v. Hughes*, the Delaware Supreme Court held that property owners have a residual obligation of reasonable care to protect business invitees from the acts of third persons.[24] Furthermore, in adopting Section 344 of the Restatement (Second) of Torts (1965), the *Jardel* court approved the concept that incidents of criminal activity provide a duty to foresee specific criminal conduct.[25]

---

[20] *Id.*
[21] Perhaps the motion might have been more appropriately styled as a motion for judgment on the pleadings.
[22] Super. Ct. Civ. R. 12(c).
[23] *Blanco v. AMVAC Chemical Corp.*, 2012 WL 3194412 *6 (Del. Super.)
[24] 523 A.2d 518, 525 (Del. 1987).
[25] *Id. See also Foster v. Winston-Salem Joint Venture*, N.C.Supr., 303 N.C. 636, 281 S.E.2d 36, 40 (1981); *Murphy v. Penn Fruit Company*, Pa.Super., 274 Pa.Super. 427, 418 A.2d 480 (1980); *Nallan v. Helmsley-Spear, Inc.*, N.Y.Ct.App., 50 N.Y.2d 507, 429 N.Y.S.2d 606, 407 N.E.2d 451 (1980) ("Moreover, the repetition of criminal activity, regardless of its mix, may be sufficient to place the

7. In particular Section 344 provides:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Comment f to section 344 further provides:

> Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

8. Under a Rule 12(c) motion for judgment on the pleadings, "the Court must accept the complaint's well-pled facts as true and construe all reasonable

---

property owners on notice of the likelihood that personal injury, not merely property loss, will result.").

inferences in favor of the non-moving party."[26] According to Plaintiff's Amended Complaint: (1) Ethan Ford was the victim of repeated criminal acts including, but not limited to, those of his mother; (2) Budget's express agent General Manager Dolly Dunn had actual knowledge of, or at least constructive knowledge of, the fact that Plaintiff was subject to repeated criminal acts; (3) Budget, through its staff, employees, owners and or agents, failed to act to protect Plaintiff, or to notify the proper authorities; and (4) Plaintiff was harmed by the repeated criminal acts to which he was subjected. The well-pled facts and the reasonable inferences demonstrate that Plaintiff has adequately established a claim sounding in negligence.

9.      Under *Jardel* and Section 344, the facts alleged by Plaintiff establish Budget's duty of care. Budget held its motel open to the public for business purposes. Budget, therefore, had a duty of reasonable care to protect Plaintiff - its patron - from the acts of third persons on their premises, and a duty to foresee specific criminal conduct given the allegations of past incidents of criminal activity. Accordingly, Plaintiff states an actionable claim against Budget.

11.      Budget also argues that Plaintiff's claim is time barred. Title 10 *Del. C.* § 8107 provides that no action to recover damages for wrongful death or for injury shall be brought after the expiration of two years from the accruing of the cause of such action. Plaintiff resided and was subject to harm at Budget Motor Lodge for

---

[26] *Blanco v. AMVAC Chemical Corp.*, 2012 WL 3194412 *6 (Del. Super.).

8

many months prior to, and through, August 2014.[27] Plaintiff filed his initial complaint July 15, 2016.[28] Thus, Plaintiff's action was brought within two years of the accrual of the cause of action.

**THEREFORE**, Defendant Budget's Motion to Dismiss is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

---

[27] Pl.'s Resp. Mot. Dismiss, D.I. 31.
[28] Pl.'s Compl., D.I. 1, at 1.

9