LIZZIE JONES v. LYON STORES, D/B/A PEACE STREET OPEN AIR MARKET

No. 8510SC1207

(Filed 5 August 1986)

Negligence § 57.10— injury from fleeing shoplifting suspect—negligence by store owner—genuine issue of material fact

A genuine issue of material fact was presented as to whether defendant store owner was negligent in following its policy of locking only the "out" door of the store upon the apprehension of a shoplifting suspect in the store so as to render the owner liable for injuries received by plaintiff when she opened the "in" door to the store and a shoplifting suspect fled through the open "in" door and knocked plaintiff to the ground.

APPEAL by plaintiff from *Barnette, Judge*. Judgment entered 26 July 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 13 March 1986.

Plaintiff appeals from the entry of summary judgment in favor of defendant on plaintiff's claim for personal injury damages arising out of an incident which occurred at defendant's store on 2 December 1983. Plaintiff was a regular shopper at defendant's store on Peace Street in Raleigh. On 2 December 1983, she approached the store to enter through the "In" door. As plaintiff opened the door, a man ran out of the store, knocking her to the ground, causing her serious injury.

Plaintiff's complaint alleges that defendant failed to exercise the care owed to an invitee on its premises; that her injuries were proximately caused by defendant's negligence in locking only the "Out" door thereby making the "In" door the only avenue of escape and that the shoplifter's escape and resulting injury to customers were foreseeable.

The affidavits filed in support of defendant's motion revealed that the man who knocked plaintiff down had been detained in the store by the manager, who suspected him of shoplifting. The routine practice at this store when a suspected shoplifter was caught was to phone the police, lock the exit door and detain the suspect until the police arrived. The entrance door remained unlocked so that customers could still enter the store. On this particular occasion, the routine practice had been followed and the accused shoplifter had been passive and had shown no resistance or signs of attempting to flee. A customer entered the store, and either as the "In" door closed behind him or as it opened for plaintiff, who was immediately behind the first customer, the suspect suddenly bolted through the partly open door and knocked plaintiff to the ground, to make his escape. The "In" door had no handles on the inside; it only opened inward and it was controlled by a hydraulic device. This routine for detaining shoplifters had been followed for over a year at the time of the incident and no shoplifter had ever attempted to run once confronted.

Plaintiff filed an affidavit showing complaints reported to the police for 804 Peace Street during the period from January 1982 through October 18, 1983. This report disclosed sixteen reported larcenies.

Upon defendant's motion for summary judgment, the trial court examined the pleadings and affidavits and concluded that no genuine issue of material fact existed and that defendant was entitled to judgment as a matter of law. Defendant's motion for summary judgment was granted and plaintiff's action was dismissed. Plaintiff appeals.

*Teague, Campbell, Dennis and Gorham by C. Woodrow Teague and Linda Stephens for plaintiff-appellant.*

*Bell, Davis and Pitt, P.A., by William Kearns Davis and Stephen M. Russell for defendant-appellee.*

PARKER, Judge.

The only issue before this Court is whether the entry of summary judgment was appropriate. To be entitled to summary judgment, the moving party must establish that there are no triable issues of material fact, with all factual inferences arising from the

evidence being drawn against the movant. *King v. Allred*, 309 N.C. 113, 305 S.E. 2d 554 (1983).

A store owner's duty to invitees to maintain the premises in a reasonably safe condition extends to the manner in which the store owner deals with the criminal acts of third persons. *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 281 S.E. 2d 36 (1981). The issue then is whether in the case *sub judice* defendant breached that duty.

Foreseeability is the test for determining a business owner's duty to safeguard his business invitees from the acts of third persons. *Id.* As stated in *Foster*,

> If an invitee, such as the plaintiff in this case, alleges in a complaint that he or she was on the premises of a store owner, during business hours for the purpose of transacting business thereon, and that while he or she was on the premises injuries were sustained from the criminal acts of a third person, *which acts were reasonably foreseeable by the store owner*, and which could have been prevented by the exercise of ordinary care, then the plaintiff has set forth a cause of action in negligence which, if proved, would entitle that plaintiff to recover damages from the store owner.

*Id.* at 640, 281 S.E. 2d at 39 (emphasis added).

The instant case differs from *Foster* in that the third party conduct causing injury is not an intentional criminal act such as an assault, but rather conduct incident to a nonviolent criminal act. In the process of fleeing, the apprehended shoplifting suspect knocked plaintiff down. The questions raised by these facts are whether it was reasonably foreseeable that the suspect would bolt and whether it was reasonably foreseeable that by locking the "Out" door, the defendant's employees increased the risk of harm to invitees on the premises, including plaintiff. In other words, under the circumstances was injury to someone more likely to occur if the suspect could only exit through the "In" door? "An act is negligent if the actor intentionally creates a situation which he knows, or should realize, is likely to cause a third person to act in such a manner as to create an unreasonable risk of harm to another." *Toone v. Adams*, 262 N.C. 403, 409, 137 S.E. 2d 132, 136 (1964).

The evidence that the policy of locking the "Out" door had been followed for over a year and that no one previously apprehended had tried to run is evidence to be considered in determining whether the consequences were foreseeable, but we are not prepared to say as a matter of law under the circumstances that defendant satisfied its duty of care to plaintiff. The very fact defendant locked the "Out" door is some indication that defendant anticipated an apprehended shoplifter might try to escape.

As in *Helms v. Church's Fried Chicken, Inc.*, 81 N.C. App. ---, 344 S.E. 2d 349 (1986), the foreseeability of increased risk of injury to plaintiff as a consequence of defendant's employees' acts or failure to act is the issue. The fact that the store owner is dealing with a criminal suspect is an additional factor to be considered in determining the reasonableness of defendant's employees' actions under the circumstances.

This Court is not unmindful of the competing policy considerations ably expressed by Justice Carlton in his dissent in *Foster*, 303 N.C. at 643-647, 281 S.E. 2d at 41-43. The store owner unquestionably has the right to apprehend a shoplifter to retrieve his goods; but in our view, the facts herein require the question of foreseeability of harm to plaintiff, which could have been prevented by the exercise of ordinary care, to be answered by a jury.

Reversed and remanded.

Judges WEBB and EAGLES concur.