BARRY THOMAS BETTS, Plaintiff v. REGINA ANN JONES, JOSEPH L. GLOVER, ENTERPRISE LEASING COMPANY SE, INC. and LOWES FOODS, INC., Defendants

No. COA09-1572

(Filed 16 November 2010)

**Premises Liability— store's duty to protect customers from third parties—acts of fleeing shoplifter—not foreseeable**

The trial court correctly granted summary judgment for defendant Lowe's Foods on a negligence claim by a bystander in the parking lot who was injured when Regina Jones fled after being discovered shoplifting. It was not foreseeable that Jones would exit the store after the loss prevention officer revealed his identity, enter a vehicle parked 20 feet from the entrance, speed through the parking lot, turn left down the traffic aisle where plaintiff was standing, and strike plaintiff.

Appeal by plaintiff from order entered 4 June 2009 by Judge Henry E. Frye, Jr. in Randolph County Superior Court. Heard in the Court of Appeals 9 June 2010.

*Rodney C. Mason, for plaintiff-appellant.*

*Smith Moore Leatherwood LLP, by Richard A. Coughlin and Elizabeth Brooks Scherer, and Burton & Sue LLP, by Gary K. Sue, for defendant-appellee Lowe's Foods, Inc.*

STEELMAN, Judge.

Lowe's Foods employees had the right to apprehend an observed shoplifter. Plaintiff failed to show that Lowe's Foods employees took any additional action to increase the likelihood of harm to plaintiff in apprehending the shoplifter. The trial court properly granted summary judgment in favor of Lowe's Foods, Inc.

## I. Factual and Procedural Background

On 1 October 2005, Lionel Hensley (Hensley) was working as a loss prevention officer at the Lowe's Foods store located at 737 West Dixie Drive in Asheboro, North Carolina. Hensley observed two women enter the store and proceed immediately to aisle 2 of the store. Hensley observed the women conceal 9 cans of Enfamil and 8 cans of Similac, both being high-dollar powdered baby formula products, in their pocketbooks. The two women, Regina Jones (Regina) and Adrian Jones (Adrian), then went to the end of aisle 2 and proceeded back down aisle 1, towards the store's entrance/exit. Hensley positioned himself at the end of aisle 1 between the two women and the exit. When they were approximately five feet from him, he displayed his badge and identified himself as being with loss prevention. Both women immediately moved towards Hensley in an aggressive manner, discarding their pocketbooks.

Regina struck Hensley on his left forearm, and Hensley tried to grab her. Regina broke away. Hensley tried to grab her again, and Regina punched him in the chest. Regina was pepper sprayed by Hensley, then broke free, and ran out of the store. Hensley did not pursue Regina or see her again. Hensley had called for assistance, and observed one of the baggers struggling with Adrian. Hensley went to assist the bagger. The struggle with Adrian moved from the store onto the sidewalk, where she broke free from Hensley. Eventually, Adrian was subdued in the parking lot, handcuffed, and turned over to police. During the initial struggle with Adrian, Hensley heard a sound and saw the flash of a vehicle leaving the parking lot.

Barry Thomas Betts (plaintiff) had come to the Lowe's Foods store on West Dixie Drive with his girlfriend to buy popsicles. They

entered the store, got the popsicles, and plaintiff walked out of the store to the vehicle while his girlfriend paid for the items. On the way into the store he had observed a white Jeep parked in the fire lane about 20 feet from the store entrance. He was 40-45 feet from the store entrance when he heard a commotion. Plaintiff turned to see what was happening, and was suddenly struck by the white Jeep being operated by Regina. As a result of the impact, he suffered serious personal injuries.

On 15 May 2008, plaintiff filed this action against Regina, Joseph Glover (lessee of the Jeep), Enterprise Leasing Company, SE Inc. (lessor of the Jeep), and Lowe's Foods, Inc. Plaintiff alleged that Lowe's Foods employees were negligent in attempting to detain Regina, and that this caused Regina to flee in the white Jeep, which struck plaintiff and caused his injuries.

On 8 January 2009, Lowe's Foods, Inc. filed a motion for summary judgment. On 4 June 2009, the trial court granted Lowe's Foods, Inc.'s motion and dismissed plaintiff's claims against Lowe's Foods, Inc. with prejudice.

Plaintiff appeals.

## II. Standard of Review

The standard of review on a trial court's ruling on a motion for summary judgment is *de novo*. *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). The entry of summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009). "The showing required for summary judgment may be accomplished by proving an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense . . . ." *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (citation omitted).

## III. Negligence of Lowe's Foods, Inc.

In his only argument, plaintiff contends that the trial court erred in granting summary judgment in favor of Lowe's Foods, Inc. because genuine issues of material fact existed as to whether its employees were negligent in the exercise of its lawful duty to apprehend Regina in a safe and reasonable manner. We disagree.

In order for plaintiff to establish a valid claim for negligence, he must show: "(1) that there has been a failure to exercise proper care in the performance of some legal duty which defendant owed to plaintiff under the circumstances in which they were placed; and (2) that such negligent breach of duty was a proximate cause of the injury." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citation omitted). The general duty imposed upon a business owner is "not to insure the safety of his customers, but to exercise ordinary care to maintain his premises in such a condition that they may be used safely by his invitees in the manner for which they were designed and intended." *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 638, 281 S.E.2d 36, 38 (1981) (citations omitted).[1] This Court has held that "[a] store owner's duty to invitees to maintain the premises in a reasonably safe condition extends to the manner in which the store owner deals with the criminal acts of third persons." *Jones v. Lyon Stores*, 82 N.C. App. 438, 440, 346 S.E.2d 303, 304, *disc. review denied*, 318 N.C. 506, 349 S.E.2d 861 (1986). Our Supreme Court has held that "[o]rdinarily the store owner is not liable for injuries to his invitees which result from the intentional, criminal acts of third persons. It is usually held that such acts cannot be reasonably foreseen by the owner, and therefore constitute an independent, intervening cause absolving the owner of liability." *Foster*, 303 N.C. at 638, 281 S.E.2d at 38 (citations omitted). Foreseeability is the test for determining a store owner's duty to safeguard his customers from the acts of third persons. *Id.* at 640, 281 S.E.2d at 39.

In the instant case, plaintiff was not injured as a result of a criminal act, but rather was injured by conduct incident to criminal activity. Plaintiff cites *Jones v. Lyon Stores, supra,* as the seminal case on this issue. In *Jones*, a person ran out of the store after being detained by the store manager for suspected shoplifting. *Id.* at 438, 346 S.E.2d at 303. It was the store's policy to lock the "Out" door while the suspected shoplifter was detained and the police were called. *Id.* The suspected shoplifter ran out of the store, using the "In" door, and collided with a customer entering the store causing injury to her. *Id.* at 439, 346 S.E.2d at 303-04. This Court held that summary judgment for the defendant was improper because the issue of whether it was reason-

---

1. We note that the premises liability trichotomy, *i.e.*, invitee, licensee, and trespasser classifications, was abolished by our Supreme Court in *Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998), and a reasonable care standard adopted. However, because reasonable care was the standard applied to invitees, or store customers, this change in the law does not impact our analysis.

ably foreseeable that locking the "Out" door increased the risk of harm to the customers was a question for a jury. *Id.* at 441, 346 S.E.2d at 305.

The facts of the instant case are distinguishable. Hensley observed Regina and Adrian conceal several powdered baby formula products in their pocketbooks. Hensley stopped the women and identified himself as a loss prevention officer. The women subsequently threw down their pocketbooks and moved aggressively towards Hensley. Regina struck Hensley's left arm and chest, and ran out the store exit into the parking lot. Hensley did not pursue her into the parking lot nor was she pursued by any other Lowe's Foods employee. The tape from the store's video surveillance cameras revealed that a full twenty-six seconds elapsed between the time Regina exited the store and when plaintiff was struck by the vehicle operated by Regina. During that time, Hensley and the other Lowe's Foods employees were focused entirely upon detaining Adrian. Plaintiff had walked out into the parking lot and was approximately 40-45 feet from the store entrance, standing in the middle of a traffic aisle, when he heard a commotion. Regina sped away in the white Jeep parked in the fire lane, made a left hand turn into the parking lot, struck plaintiff, and drove away. At no time did any Lowe's Foods employee chase Regina in the parking lot in an attempt to apprehend her.

Because "[t]he store owner unquestionably has the right to apprehend a shoplifter to retrieve his goods[,]" *Id.*, and no Lowe's Foods employee took any additional action to increase the likelihood and foreseeability of harm to plaintiff, Lowe's Foods Inc. did not breach its duty to safeguard its customers from the acts of third persons. We hold that it was not foreseeable that when Hensley revealed his identity to Regina that she would exit the store, enter a vehicle parked 20 feet from the store entrance, speed through the parking lot, turn left down the traffic aisle where plaintiff was standing, and strike plaintiff. The trial court properly granted summary judgment in favor of Lowe's Foods, Inc. *See Parish v. Hill*, 350 N.C. 231, 236, 513 S.E.2d 547, 550 (1999) ("[A]lthough it is seldom appropriate to grant summary judgment in a negligence action, it is proper if there are no genuine issues of material fact, and the plaintiff fails to demonstrate one of the essential elements of the claim." (citations omitted)).

AFFIRMED.

Judges STEPHENS and HUNTER, JR. concur.