KATHRYN L. GRAYSON, Plaintiff v. HIGH POINT DEVELOPMENT LIMITED PARTNERSHIP and CBL/G.P., INC., Defendants

No. COA05-555

(Filed 7 February 2006)

**Premises Liability— slip and fall—icy parking lot—plaintiff's knowledge of hazard**

Dangerous conditions which are open and obvious do not create a liability for a landowner. Here, plaintiff's own testimony demonstrates that she knew of the hazardous condition of the icy parking lot in which she fell.

Appeal by plaintiff from judgment entered 18 March 2005 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 1 December 2005.

*Morgan, Herring, Morgan, Green, Rosenblutt & Gill, LLC, by John Haworth, for plaintiff-appellant.*

*Brotherton Ford Yeoman & Worley, PLLC, by Steven P. Weaver, for defendant-appellees.*

JACKSON, Judge.

Plaintiff filed a complaint, alleging negligence on the part of defendants, after she was injured in a fall upon property owned by defendants. Defendants filed an answer denying negligence and asserting plaintiff's contributory negligence as an affirmative defense. Defendants subsequently moved for summary judgment and a hearing on the Summary Judgment Motion was held 17 March 2005. After hearing argument from counsel, the trial court granted defendants' motion and entered summary judgment in defendants' favor. Plaintiff appeals.

The undisputed facts of the case are that plaintiff was a salesperson at the Belk's store at the Oak Hollow Mall ("the mall"). Belk leased its store space from defendants. On 27 January 2004, plaintiff was returning to her vehicle in a parking lot at the mall after completing work. Plaintiff's vehicle was parked in an area designated for employee parking. While walking to her vehicle, plaintiff slipped on some ice and fell. As a result of the fall, plaintiff suffered fractures of both wrists.

A heavy snow fall had occurred in the area of the mall beginning on 25 January 2004 and ending on 26 January 2004. The resulting snow and ice had not been removed from the mall's parking lot when plaintiff crossed the parking lot going to work at approximately 1:00 p.m. on the day of her fall. Plaintiff testified that she was aware of the snow and ice when she arrived at work and that "it was bad, but it was during the day and it had not froze over."

When plaintiff left work, it was dark outside. In spite of the darkness, plaintiff was able to see that the parking lot was covered with ice as the lights in the parking lot were shining on the ice. Plaintiff testified that the condition of the parking lot was worse than when she went into work and she knew that the ice would be slippery and took short steps to keep from falling. Plaintiff even commented to two co-workers who were walking with her that "somebody's going to get killed out here" as she stepped onto the ice in the parking lot. Plaintiff slipped on the ice and fell almost immediately after making that comment.

Defendant was granted summary judgment in the action and plaintiff appeals.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). In deciding a motion for summary judgment, a trial court must consider the evidence in the light most favorable to the non-moving party. *See Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003).

The moving party has the burden of establishing that there is no triable issue of fact. *Creech v. Melnik*, 347 N.C. 520, 526, 495 S.E.2d 907, 911 (1998). Once the moving party has met its burden, the burden then shifts to the non-moving party to forecast evidence demonstrating that a genuine issue of material fact exists. *Id.* at 526, 495 S.E.2d at 911. If the non-moving party cannot make such a forecast of evidence, then summary judgment is appropriate.

Generally, summary judgment is not appropriate in negligence actions. *See Barnes v. Wilson Hardware Co.*, 77 N.C. App. 773, 775, 336 S.E.2d 457, 458 (1985). When the forecast of evidence demonstrates that the plaintiff cannot satisfy an essential element of his claim or overcome an affirmative defense established by the defendant, however, summary judgment should be granted. *Patterson v. Pierce*, 115 N.C. App. 142, 143, 443 S.E.2d 770, 771 (citing *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992)), *disc. review denied*, 337 N.C. 803, 449 S.E.2d 749 (1994). Also, "when it appears that there can be no recovery for plaintiff even if the facts as alleged by plaintiff are taken as true[,]" it is proper for a trial court to enter summary judgment in favor of defendant. *Jacobs v. Hill's Food Stores, Inc.*, 88 N.C. App. 730, 732, 364 S.E.2d 692, 693 (1988) (citations omitted).

In the case *sub judice*, plaintiff contends that defendants were negligent in failing to keep the parking lot in a reasonably safe condition, and that negligence proximately caused her injuries. Our Supreme Court has held that all persons, other than trespassers, on a landowner's property are owed a duty of reasonable care. *Nelson v. Freeland*, 349 N.C. 615, 631, 507 S.E.2d 882, 892, (1998), *reh'g denied*, 350 N.C. 108, 533 S.E.2d 467 (1999). A duty of reasonable care means that a landowner must not expose lawful visitors to danger unnecessarily and must provide such visitors with warnings of hidden hazards of which the landowner has actual or constructive knowledge. *Bolick*

*v. Bon Worth, Inc.*, 150 N.C. App. 428, 430, 562 S.E.2d 602, 604, *disc. review denied*, 356 N.C. 297, 570 S.E.2d 498 (2002).

However, "[a] landowner is under no duty to protect a visitor against dangers either known or so obvious and apparent that they reasonably may be expected to be discovered. . . . Similarly, a landowner need not warn of any 'apparent hazards or circumstances of which the invitee has equal or superior knowledge.'" *Von Viczay v. Thoms*, 140 N.C. App. 737, 739, 538 S.E.2d 629, 631 (2000) (citations omitted), *aff'd per curiam*. 353 N.C. 445, 545 S.E.2d 210 (2001). Accordingly, dangerous conditions which are open and obvious do not create liability for a landowner.

Defendants argue that no duty was owed to plaintiff as the hazardous condition created by the ice was known to plaintiff, who, in fact, had knowledge of the hazard which was superior to defendants'. Plaintiff's own testimony demonstrates that she knew of the hazardous condition and, therefore, there exists no issue of genuine fact that defendant owed her no duty. Accordingly, summary judgment in defendant's favor was proper.

Affirmed.

Judges HUDSON and LEVINSON concur.