Marosi v. M.F. Harris Research, Inc., 2010 NCBC 1A.

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
                                                   SUPERIOR COURT DIVISION
COUNTY OF NEW HANOVER                        08 CVS 4546


JOHN MAROSI, Executor of the Estate of  )
THOMAS J. MAROSI, MD,                   )
                    Plaintiff           )
                                        )              AMENDED
             v.                         )        ORDER AND OPINION
                                        )
M.F. HARRIS RESEARCH, INC.,             )
                    Defendant           )


        THIS AMENDED ORDER is entered upon the court's own motion to correct

clerical errors in that ORDER AND OPINION entered in this matter on January 28,

2010.

        THIS CAUSE, designated a complex business case by Order of the Chief Justice

of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b), and

assigned to the undersigned Special Superior Court Judge for Complex Business

Cases, by order of the Chief Special Superior Court Judge for Complex Business

Cases, is before the court upon the Defendant's Motion for Summary Judgment,

pursuant to Rule 56, North Carolina Rules of Civil Procedure ("Rule(s)"); and

        After considering the arguments, briefs, other submissions of counsel and

appropriate matters of record, as discussed *infra*, the court concludes that with respect

to the Plaintiff's Claims for Relief ("Claims") alleged in Complaint ("Complaint"), the

Plaintiff's Motion for Summary Judgment should be GRANTED.


        *Murchison, Taylor & Gibson, PLLC by Andrew K. McVey, Esq. for Plaintiff.*

*Creech Law Firm, PA by Peter J. Sarda, Esq. for Defendant.*

Jolly, Judge.

## I.

## THE PARTIES

[1]     John Marosi ("Plaintiff") is Executor of the estate of the late Thomas J. Marosi, M.D. ("Decedent").  Decedent was the Plaintiff's brother.

[2]     M.F. Harris Research, Inc. ("Defendant") is a corporation organized and existing pursuant to the State of North Carolina and has an office or place of business located in Newport, North Carolina.

## II.

## PROCEDURAL HISTORY

[3]      On October 17, 2008, Plaintiff filed his Complaint in New Hanover County.  In the Complaint, Plaintiff prays that (a) the court enter an order and judgment, enforceable by the contempt powers of the court requiring Defendant to issue a stock certificate to Plaintiff, evidencing ownership of 200,000 shares of the Defendant corporation or (b) Plaintiff have and recover the principal sum of $200,000, with interest.

[4]     On October 30, 2009, Plaintiff filed a Motion for Summary Judgment (the "Motion").

[5]     The Motion is not contested.  In its Response dated January 21, 2010, Defendant prays that the court grant Plaintiff's Motion and enter judgment in favor of Plaintiff by ordering Defendant to issue stock certificates as replacement shares once owned by Thomas J. Marosi to Plaintiff in the name of the Estate of Thomas J. Marosi and to have the executor execute the subscription and confidentiality agreements.

[6]     The Motion is ripe for determination.

III.

FACTUAL BACKGROUND

[7]     Unless otherwise indicated herein, the material facts reflected in paragraphs 8 through 11 of this Order exist, are undisputed[1] and are pertinent to the issues raised by the Motion.

[8]     The Decedent died in San Diego, California, on October 31, 2006. Plaintiff is prosecuting this action pursuant to North Carolina General Statute § 28A-18-1, in the same manner as Decedent would have been entitled to proceed had Decedent not died an untimely death.  Plaintiff has submitted himself to the jurisdiction of the North Carolina courts.

[9]     In the summer of 2006, Decedent was diagnosed with the Human Immunodeficiency Virus.  As Decedent considered available treatment options, he was introduced to Michael F. Harris ("Harris").  Harris is an officer, director, shareholder and registered agent for Defendant.

[10]    In his discussions with Decedent, Harris informed Decedent that Defendant was principally engaged in the research and development of new AIDS treatment regimens.  Decedent ultimately became an investor in Defendant corporation.

[11]    On September 1, 2006, Decedent and Defendant entered into a Subscription Agreement ("Agreement").[2]  This Agreement reflects, among other things, that Decedent subscribed for 200,000 shares of common stock, no par value, of

---

[1] It is not proper for a trial court to make findings of fact in determining a motion for summary judgment under Rule 56.  However, it is appropriate for a Rule 56 order to reflect material facts that the court concludes exist and are not disputed, and which support the legal conclusions with regard to summary judgment. *Hyde Ins. Agency v. Dixie Leasing*, 26 N.C. App. 138 (1975).
[2] Compl., Ex. A.

Defendant corporation, at $1.00/share, and that Defendant corporation agreed to issue appropriate certificates representing such shares to and in the name of Decedent within sixty days of receipt of $200,000. As agreed, Decedent subsequently made a timely payment to Defendant of $200,000. Neither Decedent nor his estate has received certificates representing the agreed-upon shares of Defendant corporation.

IV.

PLAINTIFF'S CONTENTIONS

[12] Plaintiff contends that (a) Decedent died without receiving any stock certificates or benefit from Defendant; (b) since Decedent's death, Defendant has declined to issue the stock certificates, notwithstanding Plaintiff's demand to do so and (c) Defendant has no record of issuing any stock certificates to Decedent and refuses to issue a replacement. Plaintiff has made demand for the issuance of the stock certificates sought by way of this civil action.

[13] Defendant does not contest entry of summary judgment in favor of Plaintiff so long as the stock certificates sought by Plaintiff are issued to the Estate of Thomas Marosi, M.D., and there is an acknowledgment by Plaintiff that the certificates are subject to the same subscription agreements and restrictions as are the shares of other shareholders of Defendant corporation.

V.

MOTION FOR SUMMARY JUDGMENT– RULE 56

[14] Under Rule 56(c), summary judgment is to be rendered "forthwith" if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

any party is entitled to a judgment as a matter of law. When the forecast of evidence demonstrates that the plaintiff cannot satisfy an essential element of a claim or overcome an affirmative defense established by the defendant, summary judgment for the defendant should be granted. *Grayson v. High Point Dev. Ltd. P'ship*, 175 N.C. App. 786, 788 (2006). The court views the evidence in the light most favorable to the nonmoving party. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733 (1998).

## VI.

## DISCUSSION

[15]   A plaintiff may use specific performance "to compel a party to do exactly what he ought to have done without being coerced by the court." *McLean v. Keith*, 236 N.C. 59, 71 (1952). A claim for specific performance requires only the showing of (a) the existence of a valid contract, (b) its terms and (c) full performance by the party seeking performance or a demonstration that he is himself ready, willing and able to perform. *Munchak Corp. v. Caldwell*, 301 N.C. 689, 694 (1981).

[16]   In the instant case, there exists sufficient undisputed evidence of the three requisites necessary to support an award of specific performance. A valid contract exists between Decedent and Defendant, its terms are not in dispute and Decedent fully performed under the terms of the Agreement. Any dispute over whether Defendant fully performed under the terms of the Agreement has been laid to rest by its representation to the court that it does not contest entry of summary judgment in favor of Plaintiff.

[17]    As such, the filings submitted to the court demonstrate there exists no genuine issue as to any material fact, and that Plaintiff is entitled to judgment in his favor as a matter of law.

Therefore, it hereby is ORDERED that:

[18]    Plaintiff's Motion for Summary Judgment is GRANTED.

[19]    No later than 5:00 p.m. on Monday, February 8, 2010, Defendant forthwith shall issue to the Estate of Thomas Marosi, M.D. stock certificates representing 200,000 shares of common stock in Defendant corporation.  Said certificates shall be delivered on or before that day either personally to Plaintiff or to counsel of record for Plaintiff.

[20]    The stock certificates issued to the Estate of Thomas Marosi pursuant to this Order shall be subject to the same subscription rights, agreements and restrictions as are the shares of other shareholders of Defendant corporation.

SO ORDERED, this the 3rd day of February, 2010.