Bodie Island Beach Club Ass'n, Inc. v. Dixon, 2010 NCBC 13.

STATE OF NORTH CAROLINA

COUNTY OF DARE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
09 CVS 568

BODIE ISLAND BEACH CLUB
ASSOCIATION, INC., et al.,
      Plaintiffs

v.

DAVID R. DIXON; STEPHEN R.
SMITH; CROC, LLC and SRS
NORTH CAROLINA PROPERTY, LLC,
      Defendants

)
)
)
)
)
)
)
)
)
)
)

ORDER AND OPINION ON MOTION
FOR SUMMARY JUDGMENT
AS TO DEFENDANT SRS NORTH
CAROLINA PROPERTY, LLC

THIS CAUSE, designated a complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b), and assigned to the undersigned Special Superior Court Judge for Complex Business Cases, by order of the Chief Special Superior Court Judge for Complex Business Cases, now comes before the court upon Plaintiffs' Motion for Summary Judgment (the "Motion") as to Defendant SRS North Carolina Property, LLC, pursuant to Rule 56 of the North Carolina Rules of Civil Procedure ("Rule(s)").

After considering the Complaint, the Motion and the Plaintiffs' brief,[1] the court concludes that the Motion should be GRANTED.

    *Bradford J. Lingg, Esq., for Plaintiffs.*

    *C. Everett Thompson, Esq., for SRS North Carolina Property, LLC.*

Jolly, Judge.

---

[1] The Defendant SRS did not file a response to the Motion.

I.

PARTIES

[1]     Bodie Island Beach Club Association, Inc. ("Beach Club Association") is a non-profit corporation duly organized and existing under the law of the State of North Carolina, at all relevant times having its principal place of business in Nags Head, Dare County, North Carolina.

[2]     The individually named Plaintiffs were owners of timeshare interval weeks, which are real property interests, in the Beach Club Association timeshare condominium (the "Timeshare") located in Dare County, North Carolina.

[3]     Defendant David R. Dixon is a citizen and resident of Dare County, North Carolina, and is a licensed North Carolina attorney.

[4]     Defendant Stephen R. Smith ("Smith") is a citizen and resident of Baltimore, Maryland.

[5]     Defendant SRS North Carolina Property, LLC ("SRS"), is a limited liability company formed and organized under the laws of Maryland, having its principal place of business in Baltimore, Maryland, with its sole member being Defendant Smith.  The registration of SRS with the Secretary of State of Maryland was revoked on October 7, 2005 and was reinstated on October 21, 2009.

[6]     Defendant CROC, LLC ("CROC"), is a limited liability company formed and organized under the laws of the State of North Carolina, with its principal place of business in Dare County, North Carolina.  It was formed for the purpose of purchasing the facility belonging to the Timeshare through one or more partition sales.

[7]     The other Defendants against whom this action initially was filed, Don Wray, Penny Wray, Jessica Smith, Sea Wray, LLC and Tom Feist, have been dismissed.[2]

## II.

## PROCEDURAL BACKGROUND

[8]     On July 10, 2009, Plaintiffs filed the Complaint against SRS, among others. SRS was timely served, but did not answer or otherwise respond to the Complaint.

[9]     On November 30, 2009, Plaintiffs filed the Motion.

[10]    On June 14, 2010, this court entered a default against Defendant SRS and set the Motion for hearing.

[11]    On June 22, 2010, Plaintiffs' counsel appeared unopposed before this court to argue the Motion.

[12]    To date, SRS has not responded to the Motion, and the Motion is ripe for determination.[3]

## III.

## DISCUSSION

[13]    Under Rule 56(c), summary judgment is to be rendered "forthwith" if the pleadings, depositions, answer to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.  *Grayson v. High Point Dev. Ltd. P'ship*, 175 N.C. App. 786, 788 (2006).  In considering a Rule 56 motion, the court

---

[2] Vol. Dis. Prej., Oct. 15, 2009, and Dec. 3, 2009; reaffirmed by counsel for Plaintiffs during hearing on the Motion before the undersigned on June 22, 2010, Transcript, p. 15:23 – 16:1.

[3] On July 20, 2010, C. Everett Thompson, Esq., submitted a letter to the court in behalf of SRS requesting a reconsideration of the entry of default, reconsideration of the Motion or, in the alternative, a certification that the court's ruling on the Motion is a final order.  On July 23, 2010, counsel for Plaintiffs submitted a responsive letter to the court.  Under a separate order, of even date with this Order, the court denied any relief requested in the July 10, 2010 letter from counsel for SRS.

views the evidence in the light most favorable to the nonmoving party. *Bruce-Terminix Co. v. Zurich Ins. Co.,* 130 N.C. App. 729, 733 (1998).

[14]    In this case, Defendant SRS did not answer or otherwise respond to the Complaint.

[15]    Rule 8(d) states that "averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." NC R. Civ. P. 8(d).

[16]    As Defendant SRS filed no answer or other response to the Complaint, the factual allegations of the Complaint hereby are deemed to be true and are not in dispute.

[17]    Further, SRS did not file a response to Plaintiffs' Motion, as allowed by Rule 15.6 of the Business Court General Rules of Practice and Procedure ("BCR") ("The respondent, if opposing a motion, shall file a response, including brief, within . . . thirty (30) days if the motion is for summary judgment").

[18]    Consequently, the court CONCLUDES that there exist no genuine issues of material fact with respect to Plaintiffs' claims against Defendant SRS; and Plaintiffs' Motion should be GRANTED.

IV.

ORDER

NOW THEREFORE, based upon the foregoing, it is ORDERED that:

[19]    Plaintiffs' Motion for Summary Judgment as to Defendant SRS North Carolina Property, LLC is GRANTED. Plaintiffs are entitled to the relief sought in their Complaint against Defendant SRS.

[20]     The North Carolina Warranty Deeds conveying Units 207, 209, 307 and 310 (the "Property") from CROC, LLC, Grantor, to SRS North Carolina Property, LLC, Grantee, in Book 1752, Page 285 and Book 1811, Page 428 of the Dare County, North Carolina Register of Deeds hereby are declared VOID and are SET ASIDE.  CROC, LLC shall retain and hold title thereto pending resolution of the various claims alleged in this civil action or until further order of this court.

SO ORDERED, this the 30th day of July, 2010.