Bodie Island Beach Club Ass'n, Inc. v. Dixon, 2011 NCBC 25.

STATE OF NORTH CAROLINA

COUNTY OF DARE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
09 CVS 568

BODIE ISLAND BEACH CLUB )
ASSOCIATION, INC., et al., )
   Plaintiffs )
          )
          )
   v.       )
          )
DAVID R. DIXON; STEPHEN R. )
SMITH, CROC, LLC and SRS )
NORTH CAROLINA PROPERTY, LLC, )
   Defendants )

**OPINION AND ORDER ON MOTIONS
FOR SUMMARY JUDGMENT**

   THIS CAUSE, designated a complex business case by Order of the Chief Justice

of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (herein,

further references to the General Statutes will be to "G.S."), and assigned to the

undersigned Chief Special Superior Court Judge for Complex Business Cases, now

comes before the court upon Plaintiffs' Motion for Summary Judgment as to Defendant

CROC, LLC (the "Plaintiffs' Motion") pursuant to Rule 56 of the North Carolina Rules of

Civil Procedure ("Rule(s)"), and Defendant CROC, LLC's "Motion for Summary

Judgment"[1] (the "CROC Motion"), which the court will treat as a motion to dismiss

pursuant to Rule 12(b)(6).

---

[1] The CROC Motion is captioned as a motion for summary judgment, but it specifically contends that CROC is "entitled to judgment as a matter of law dismissing the complaint for failure to state a claim upon which relief can be granted . . . ." CROC Mot. 1. Further, the substance of CROC's argument is phrased as a Rule 12(b)(6) motion. Because the relief requested is dismissal pursuant to Rule 12(b)(6), the court elects to treat the CROC Motion as a Rule 12 motion to dismiss and not a Rule 56 motion for summary judgment.

THE COURT, after considering the Plaintiffs' Motion, the CROC Motion (collectively the "Motions") and the briefs in support of and in opposition to the Motions, CONCLUDES that the Plaintiffs' Motion should be DENIED and the CROC Motion should be GRANTED, as discussed herein.

*Bradford J. Lingg, Esq., for Plaintiffs.*

*Kathryn P. Fagan, Esq. for CROC, LLC.*

Jolly, Judge.

I.

PARTIES

[1]     Bodie Island Beach Club Association, Inc. ("Beach Club Association") is a non-profit corporation duly organized and existing under the laws of the State of North Carolina, at all relevant times having its principal place of business in Nags Head, Dare County, North Carolina.

[2]     The individual Plaintiffs were owners of timeshare interval weeks, which are real property interests, in the Beach Club Association timeshare condominium (the "Timeshare") located in Dare County.

[3]     Defendant David R. Dixon ("Dixon") is a citizen and resident of Dare County, and is an attorney licensed to practice in North Carolina.

[4]     Defendant Stephen R. Smith ("Smith") is a citizen and resident of Baltimore, Maryland.

[5]     Defendant CROC, LLC ("CROC") is a limited liability company formed and organized under the laws of the State of North Carolina, with its principal place of

business in Dare County. It was formed for the purpose of purchasing the facility belonging to the Timeshare through one or more partition sales.

[6]    Several other Defendants against whom this action initially was filed, Don Wray, Penny Wray, Jessica Smith, Sea Wray, LLC and Tom Feist were dismissed voluntarily by Plaintiffs pursuant to Rule 41.[2]

[7]    Defendant SRS North Carolina Property, LLC ("SRS") is a limited liability company formed and organized under the laws of Maryland, with its sole member being Defendant Smith. The registration of SRS with the Secretary of State of Maryland was revoked on October 7, 2005, and reinstated on October 21, 2009. Summary Judgment as to SRS was granted by the court by order dated July 30, 2010.[3]

[8]    On July 10, 2009, Plaintiffs filed their Complaint.

[9]    On November 6, 2009, CROC filed an Amended Answer, in which it admitted the majority of the substantive allegations of the Complaint.

[10]    On December 6, 2010, Plaintiffs filed their Motion.

[11]    On February 10, 2011, CROC filed its Motion.

[12]    The Motions have been fully briefed and are ripe for determination.

II.

DISCUSSION

Croc's Motion – Rule 12(b)(6)

[13]    The court deems it appropriate to consider first the CROC Motion under Rule 12(b)(6).

---

[2] Vol. Dis. Prej., Oct. 15, 2009, and Dec. 3, 2009.
[3] Order Opinion Mot. Summ. J. Def. SRS North Carolina Prop., July 30, 2010.

[14]     By way of its Motion, Defendant CROC seeks dismissal as a matter of law of all Plaintiffs' Claims against it pursuant to Rule 12(b)(6).

[15]     Dismissal of an action pursuant to Rule 12(b)(6) is appropriate when the complaint fails to state a claim upon which relief can be granted.  In deciding a Rule 12(b)(6) motion, the well-pleaded allegations of the complaint are taken as true and admitted, but conclusions of law or unwarranted deductions of facts are not admitted. *Sutton v. Duke*, 277 N.C. 94, 98 (1970).

[16]     A complaint fails to state a claim upon which relief can be granted when either (a) the complaint on its face reveals that no law supports the plaintiff's claim, (b) the complaint on its face reveals the absence of facts sufficient to make a good claim or (c) some fact disclosed in the complaint necessarily defeats the plaintiff's claim. *Jackson v. Bumgardner*, 318 N.C.172, 175 (1986).

[17]     In the instant action, the Complaint alleges six causes of action ("Claims") against the various Defendants: First Claim – legal  malpractice, Second Claim – conversion, Third Claim – constructive fraud, Fourth Claim – civil conspiracy, Fifth Claim – breach of fiduciary duty and Sixth Claim – action to set aside deed due to fraud and undue influence.  The court will discuss each Claim as it relates to Defendant CROC.

First Claim

[18]     The First Claim is for alleged legal malpractice.  All Claims for legal malpractice in the Complaint arise from actions allegedly undertaken by Defendant Dixon while he was acting as attorney for the Defendants and/or the Plaintiffs.  The First Claim contains no allegations of legal malpractice against CROC, which is a limited liability corporation, not a licensed attorney.

[19]    The First Claim does not state factual or legal grounds upon which the Plaintiffs are entitled to recover against CROC.  The CROC Motion therefore should be GRANTED as to the First Claim, and this Claim should be DISMISSED as to Defendant CROC, pursuant to Rule 12(b)(6).

## Second Claim

[20]    The Second Claim is for alleged conversion.  The allegations of conversion deal almost entirely with monies that supposedly belong to the Plaintiffs. The only mention of CROC in the Second Claim arises from Plaintiffs' allegations that Defendant Wray used monies belonging to the Plaintiffs while knowing that CROC was the highest bidder in the partition sale.[4]  The Second Claim contains no allegations directly against CROC as to misconduct or alleged acts of conversion done by CROC.

[21]    The Second Claim does not state factual grounds upon which the Plaintiffs are entitled to recover against CROC.  The CROC Motion therefore should be GRANTED as to the Second Claim, and this Claim should be DISMISSED as to Defendant CROC, pursuant to Rule 12(b)(6).

## Third Claim

[22]    The Third Claim is for alleged constructive fraud.  The Complaint alleges in detail a scheme undertaken to dissolve the Timeshare and thereby divest the Plaintiffs of their property rights.  However, the Third Claim contains no mention of or allegations against CROC.  Furthermore, the majority of the activities described in the Complaint occurred before CROC was formed.

[23]    The Third Claim does not state factual grounds upon which the Plaintiffs are entitled to recover against CROC.  The CROC Motion therefore should be

---

[4] Compl. ¶ 116.

GRANTED as to the Third Claim, and this Claim should be DISMISSED as to Defendant CROC, pursuant to Rule 12(b)(6).

## Fourth Claim

[24]   The Fourth Claim is for alleged civil conspiracy.  The Complaint, in detail, alleges a conspiracy to accomplish the fraud alleged in the Third Claim.  However, the allegations of the Fourth Claim do not implicate CROC, other than to allege that several of the Defendants obtained an ownership interest in CROC while at the same time being directors of the Plaintiff organization.[5]

[25]   The Fourth Claim does not state factual grounds upon which the Plaintiffs are entitled to recover against CROC.  The CROC Motion therefore should be GRANTED as to the Fourth Claim, and this Claim should be DISMISSED as to Defendant CROC, pursuant to Rule 12(b)(6).

## Fifth Claim

[26]   The Fifth Claim is for alleged breach of fiduciary duties.  The allegations in the Complaint that mention CROC concern only how other Defendants breached their fiduciary duties by obtaining ownership in CROC.  Additionally, CROC was never a fiduciary of the Plaintiffs and never owed fiduciary duties to the Plaintiffs so there can be no breach of such a duty.

[27]   The Fifth Claim does not state factual grounds upon which the Plaintiffs are entitled to recover against CROC.  The CROC Motion therefore should be GRANTED as to the Fifth Claim, and this Claim should be DISMISSED as to Defendant CROC, pursuant to Rule 12(b)(6).

---

[5] *Id.* at 142.

## Sixth Claim

[28]  The Sixth Claim is an action to set aside Timeshare deeds due to alleged fraud and undue influence.  The deeds involved are those obtained by CROC through a partition sale ("Partition Sale") in which the condominium building was sold following a vote to reconstruct the building as a condominium complex instead of the timeshare-condominium complex that was in place.  Four of the deeds were to units that then were conveyed to SRS.  Those deeds subsequently were set aside by this court and the four units were ordered to be held in constructive trust by CROC for the benefit of the Plaintiffs.

[29]  The allegations are that CROC obtained the deeds to the Timeshare facility due to the fraud of other Defendants.  That fraud would infect the deeds, even if CROC were innocent.  Consequently, if it were presented in a procedurally correct posture, the Sixth Claim would state a claim for relief by the Plaintiffs against CROC. *Lee v. Pearce*, 68 N.C. 76 (1873).  Therefore, in the narrow context of Rule 12(b)(6), the CROC Motion as to the Sixth Claim should be DENIED.

## Plaintiffs' Motion – Rule 56

[30]  The court's granting of the CROC Rule 12 motion to dismiss Plaintiffs' First through Fifth Claims renders MOOT any outstanding motion by Plaintiffs for summary judgment as to those Claims, *United Leasing Corp. v. Miller*, 45 N.C. App. 400, 408 (1980), and as to said Claims, the Plaintiffs' Motion should be DENIED. Accordingly, Plaintiffs' Motion need only be considered as to the Plaintiffs' Sixth Claim.

[31] Under Rule 56(c), summary judgment is to be rendered "forthwith" if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. *Grayson v. High Point Dev. Ltd. P'ship*, 175 N.C. App. 786, 788 (2006). In considering a Rule 56 motion, the court views the evidence in the light most favorable to the nonmoving party. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733 (1998). Summary Judgment can also be entered in favor of the nonmovant if the evidence presented demonstrates that there is no genuine issue of material fact, and that the nonmovant is entitled to judgment as a matter of law. *A-S-P Assocs. v. City of Raleigh*, 298 N.C. 207 (1979).

[32] The Amended Answer filed by CROC admitted the material allegations of the Plaintiffs' Complaint. Consequently, there are no facts in dispute and summary judgment is proper as to this Sixth Claim.

[33] Plaintiffs contend that the court should enter judgment in their favor and (a) declare the Timeshare deeds to CROC to be void and (b) declare title to the Timeshare units to be vested in Plaintiffs.[6] Defendant CROC contends that it is entitled to judgment in its favor with regard to the Timeshare deeds.

[34] Taking the admitted allegations in the Complaint as true, the Timeshare deeds were obtained by the fraud of others, primarily Defendant Dixon through his allegedly false and fraudulent testimony in another proceeding.[7] However, false testimony before the court constitutes intrinsic fraud. *Textile Fabricators, Inc. v. C.R.C.*

---

[6] Pl. Mot. 6

[7] The basic allegation is that Dixon made misrepresentations to the court, concerning the condition of the Timeshare buildings and how much damage they suffered, in *Sea Wray, LLC v. Bodie Island Beach Club Assn*, Dare County No. 04 CVS 433.

*Indus., Inc.,* 43 N.C. App. 530 (1979). Intrinsic fraud cannot be collaterally attacked by an independent action and can only be corrected by a Rule 60(b)(3) motion in the cause. *Id.* at 532 (citing *Stokley v. Stokley*, 30 N.C. App. 351, 354-55 (1976)). The proper avenue for Plaintiffs to pursue would have been to attack the Partition Sale through a Rule 60(b)(3) motion or to attack the original order allowing the vote that authorized the partition to occur.[8]

[35]    By way of this case, the Plaintiffs have attacked the Timeshares deed through an independent collateral action, which is not a proper procedure for challenging the Timeshare deed upon allegations that it was obtained through intrinsic fraud. As such, the action is improper and no remedy is available. Accordingly, CROC is entitled to judgment as a matter of law because there is no legal theory that will support recovery by Plaintiffs on this Claim. Summary judgment should be entered in favor of CROC.

[36]    Consequently, the court CONCLUDES that as to the Plaintiffs' Sixth Claim, Plaintiffs' Motion should be DENIED and judgment should be entered in favor of CROC.

III.

ORDER

NOW THEREFORE, based upon the foregoing, it is ORDERED that:

[37]    Plaintiffs' First through Fifth Claims fail to state any claims against CROC that would entitle Plaintiffs to relief. Accordingly, Defendant CROC, LLC's Rule 12(b)(6)

---

[8] *Sea Wray v. Bodie Island*, *supra*, note 7.

Motion to Dismiss[9] is GRANTED as to those Claims; and as to CROC, the First, Second, Third, Fourth and Fifth Claims of the Complaint hereby are DISMISSED.

[38]     With regard to the Plaintiffs' First through Fifth Claims, Plaintiffs' Motion for Summary Judgment as to Defendant CROC, LLC is DENIED.

[39]     Plaintiffs' Sixth Claim states a claim against CROC upon which relief may be granted.  Accordingly, CROC's Rule 12(b)(6) Motion to Dismiss is DENIED as to the Sixth Claim.

[40]     However, with regard to Plaintiffs' Sixth Claim, there exists no genuine issue of material fact, and Defendant CROC is entitled to summary judgment in its favor.  Accordingly, as to the Sixth Claim, Plaintiffs' Motion for Summary Judgment is DENIED and summary judgment is GRANTED in favor of CROC.  Therefore, the Sixth Claim hereby is DISMISSED as to Defendant CROC, LLC.

SO ORDERED, this the 22nd day of July, 2011.

---

[9] Titled Defendant CROC, LLC's Motion for Summary Judgment, but as discussed, *supra*, n. 1, is  treated by the court as a motion to dismiss pursuant to Rule 12(b)(6).