Bodie Island Beach Club Ass'n v. Dixon, 2011 NCBC 27.

STATE OF NORTH CAROLINA

COUNTY OF DARE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
09 CVS 568

BODIE ISLAND BEACH CLUB            )
ASSOCIATION, INC., et al.,          )
            Plaintiffs             )
                                    )
            v.                      )
                                    )
DAVID R. DIXON; STEPHEN R.          )
SMITH; CROC, LLC and SRS            )
NORTH CAROLINA PROPERTY, LLC,       )
            Defendants             )

**OPINION AND ORDER ON MOTION
FOR SUMMARY JUDGMENT**

THIS CAUSE, designated a complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (herein, further references to the General Statutes will be to "G.S."), and assigned to the undersigned Chief Special Superior Court Judge for Complex Business Cases, now comes before the court upon Defendant David R. Dixon's Motion for Summary Judgment (the "Motion"), pursuant to Rule 56 of the North Carolina Rules of Civil Procedure ("Rule(s)").

THE COURT, after considering the Complaint, the Motion and briefs in support of and in opposition to the Motion, CONCLUDES that the Motion should be GRANTED in part and DENIED in part, as discussed herein.

*Bradford J. Lingg, Esq., for Plaintiffs.*

*Ronald G. Baker, Esq. for David R. Dixon.*

Jolly, Judge.

I.

FACTUAL BACKGROUND

[1]     This matter involves a dispute arising from a partition sale and purchase of a Beach Club Association, Inc., timeshare condominium building (the "Timeshare") located in Dare County, North Carolina.  The Timeshare was a complex of multiple buildings located in Nags Head.  The complex contained both timeshare units and wholly-owned condominiums.

[2]     Bodie Island Beach Club Association, Inc. ("Beach Club Association") is a non-profit corporation duly organized and existing under the laws of the State of North Carolina, at all relevant times having its principal place of business in Nags Head, Dare County, North Carolina.

[3]     The individual Plaintiffs were owners of timeshare interval weeks, which are real property interests, in the Timeshare.

[4]     Defendant David R. Dixon ("Dixon") is a citizen and resident of Dare County, and is an attorney licensed to practice in North Carolina.

[5]     Defendant Stephen R. Smith is a citizen and resident of Baltimore, Maryland.

[6]     Defendant CROC, LLC ("CROC") is a limited liability company formed and organized under the laws of the State of North Carolina, with its principal place of business in Dare County.  It was formed for the purpose of purchasing the facility belonging to the Timeshare through one or more partition sales.  Summary judgment dismissal has been entered in favor of CROC.[1]

---

[1] Opinion Order Mot. Summ. J. Def. CROC, July 22, 2011.

[7]     Several other Defendants against whom this action initially was filed, Don Wray, Penny Wray, Jessica Smith, Sea Wray, LLC and Tom Feist, have been dismissed voluntarily by Plaintiffs.[2]  Additionally, summary judgment has been entered against Defendant SRS North Carolina Property, LLC ("SRS").[3]

[8]     On September 18, 2003, Hurricane Isabel struck the North Carolina coast and caused damage to the Timeshare complex.  Plaintiffs allege that in a previous action, *Sea Wray, LLC v. Bodie Island Beach Club Ass'n,* Dare County 04 CVS 433 ("Prior Action"), Defendant Dixon misrepresented the extent of the damage that the Timeshare facilities suffered as a result of Hurricane Isabel.  In the Prior Action, the court ordered the Beach Club Association to conduct a vote whereby all its members would vote on whether to reconstruct the Timeshare solely as a wholly-owned complex or whether to remain a timeshare and wholly-owned mix.[4]

[9]     The Beach Club Association members voted to reconstruct as a wholly-owned complex only, and Defendant Dixon thereafter filed a Petition to Partition in Dare County Special Proceeding 06 SP 133 on April 11, 2006 ("Petition to Partition").  The partition sale was confirmed by the court on July 10, 2007 and the resulting deed ("the Deed") transferred ownership of the complex to CROC.  CROC subsequently transferred deeds for four units to SRS.[5]

---

[2] Vol. Dis. Prej., Oct. 15, 2009, and Dec. 3, 2009.

[3] Order Opinion Mot. Summ. J. Def. SRS North Carolina Prop., July 30, 2010.

[4] Pursuant to G.S. 47A-25, if a complex such as the Timeshare is at any point two-thirds destroyed and three-fourths of the members so vote, the Timeshare could choose not to reconstruct in the same format and could be rebuilt with only wholly-owned units.

[5] These four deeds were set aside by the court and ordered to be held in constructive trust for the benefit of the Plaintiffs pending resolution of this litigation.  Order Opinion Mot. Summ. J. Def. SRS North Carolina Prop., July 30, 2010.  This constructive trust was dissolved when the court entered summary judgment in favor of CROC.  Opinion Order Mot. Summ. J. Def. CROC, July 22, 2011.

[10]     On July 10, 2009, Plaintiffs filed their Complaint against the Defendants. The Complaint alleges six claims for relief ("Claims"): First Claim – legal malpractice, Second Claim –  conversion, Third Claim – constructive fraud, Fourth Claim – civil conspiracy, Fifth Claim – breach of fiduciary duty and Sixth Claim – action to set aside deed due to fraud and undue influence.

[11]     On November 15, 2010, Dixon filed the Motion.

[12]     On December 15, 2010, Plaintiffs responded to the Motion.  The Motion is fully briefed and ripe for determination.

[13]     Unless otherwise indicated herein, the material facts reflected in paragraphs 1 through 9 of this Opinion and Order are undisputed[6] and are pertinent to the issues raised by the Motion.  The court will discuss the Claims as they relate to Defendant Dixon.

## II.

## DISCUSSION

[14]     Under Rule 56(c), summary judgment is to be rendered "forthwith" if the pleadings, depositions, answer to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law.  *Grayson v. High Point Dev. Ltd. P'ship*, 175 N.C. App. 786, 788 (2006).  In considering a Rule 56 motion, the court views the evidence in the light most favorable to the nonmoving party.  *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733 (1998).

---

[6] It is not proper for a trial court to make findings of fact in determining a motion for summary judgment under Rule 56.  However, it is appropriate for a Rule 56 Order to reflect material facts that the court concludes exist and are not disputed, and which support the legal conclusions with regard to summary judgment.  *Hyde Ins. Agency v. Dixie Leasing*, 26 N.C. App. 138 (1975).

[15]    The grounds for the Motion are that Plaintiffs' respective Claims against Dixon should fail as a matter of law because they (a) are barred by the applicable statute of limitations, (b) res judicata and collateral estoppel and (c) constitute an impermissible collateral attack on a previous judgment.

<u>First Claim</u>

[16]    This Claim is for alleged legal malpractice by Defendant Dixon.

[17]    The statute of limitations for legal negligence is three years.  G.S. 1-15(c). Since the Complaint was filed on July 10, 2009, for the First Claim to be timely and not be barred by the statute of limitations the Claim must have accrued no earlier than July 10, 2006.  A claim for legal negligence accrues at the time of the last affirmative act by the attorney that could constitute negligence.  *Title Ins. Co. v. Smith, Debnam, Hibbert & Pahl*, 119 N.C. App. 608, 620 (1995) (Martin, J. concurring) (citing *Wilcox v. Plummer's Ex'rs*, 29 U.S. 172, 182 (1830)).

[18]    The substance of the First Claim is that Defendant Dixon allegedly was negligent in mishandling several different lawsuits involving the Beach Club Association. The Plaintiffs have attempted to combine the various allegations of malpractice into a single cause of action.  However, because North Carolina does not recognize the continuous representation doctrine, *see e.g. Hargett v. Holland*, 337 N.C. 651 (1994), the respective claims for alleged mishandling of different lawsuits would give rise to several disparate malpractice claims that properly should not be brought as one claim, as Plaintiffs have attempted.  Moreover, even if combining disparate negligence claims into one claim for relief was acceptable, a statute of limitations defense as to any of the underlying negligence claims would require an examination of the facts and

circumstances of each individual claim. Dixon argues that even the most recent of the various claims alleged by Plaintiffs in this First Claim was not filed before expiration of the relevant statute of limitations. The court is forced to agree.

[19]    In the instant action, Dixon contends that the "last act" of alleged legal negligence complained of by Plaintiffs was the filing by Dixon of the Petition to Partition relative to the Timeshare, which took place on April 11, 2006 (the "Petition"). Dixon contends that at best for the Plaintiffs' First Claim, the Claim accrued and the statute of limitations began running on that date. In opposition, Plaintiffs argue that the last act was when, during the partition proceeding in July 2007 (the "Partition Sale"), Dixon failed to correct alleged previous misrepresentations[7] as to the Petition and resulting partition sale of the Timeshare building.

[20]    The last act of the attorney is the last affirmative action of the attorney, not when the attorney fails to act or when the client suffers damages. *Title Ins. Co.,* 119 N.C. App. at 620. Here, the court CONCLUDES that Dixon's last affirmative act was filing the Petition, which occurred on April 11, 2006. The Plaintiffs' most recent claim for legal negligence by Dixon accrued on that date, and the statute of limitations expired on April 11, 2009, more than three months before this action was filed. The First Claim therefore is barred by the statute of limitations. Defendant Dixon's Motion should be GRANTED as to the First Claim and it should be DISMISSED.

[21]    As the statute of limitations bars the First Claim, the court need not determine whether any of the alternative grounds argued in the Motion bar the Claim.

---

[7] The misrepresentations ostensibly were made to the court in September, 2004.

## Second through Fifth Claims

[22]    As to Plaintiffs' Second through Fifth Claims, for conversion, civil conspiracy, fraud and breach of fiduciary duties, the Court CONCLUDES that there exist one or more genuine issues of material fact as to each Claim.  Therefore, as to said Claims, summary judgment should not be granted and Defendant Dixon's Motion should be DENIED.

## Sixth Claim

[23]    The Sixth Claim is an action to set aside the Partition Sale deeds due to alleged fraud and undue influence.  The deeds involved were those obtained by CROC through the Partition Sale, in which the Timeshare condominium building was sold following a vote to reconstruct the Timeshare building as a condominium complex instead of the timeshare-condominium complex that was in place.

[24]    Defendant Dixon argues that the statute of limitations for this Claim is three years, while Plaintiffs contend it is ten years.  Plaintiffs' incorrectly rely upon *Muse v. Muse*, 236 N.C. 182, 184 (1952).  Contrary to Plaintiffs' contention, *Muse* notes that the statute of limitations to set aside a deed is three years according to G.S. 1-52(9).

[25]    A cause of action generally accrues when the plaintiff can first bring the claim against the defendant.  *Shearin v. Lloyd*, 246 N.C. 363, 367 (1957).  The Plaintiffs in the present action could not bring the action to set aside the deeds until the deeds were finalized and confirmed by the court which occurred on July 7, 2007.  Since this was within three years of the Complaint being filed, the cause of action would be timely. The statute of limitations therefore does not bar this Claim.

[26]    In the alternative, Dixon contends that the Claim to set aside the Partition Sale deed constitutes an impermissible collateral attack on a preexisting judgment.  In response, Plaintiffs argue that the deeds were obtained as a result of false testimony in the Prior Action, and therefore the deeds are fraudulent and must be set aside.  The basic allegation underlying this Claim is that in the Prior Action Defendant Dixon made several misrepresentations to the presiding judge in open court concerning the condition of the Timeshare buildings and how much storm damage they had suffered during Hurricane Isabel, thereby committing fraud upon the court and obtaining the authority to vote on reconstruction of the timeshare-condominium complex as a condominium-only complex.[8]  This vote then led to the Partition Sale, where the Timeshare complex was sold to CROC.

[27]    Intrinsic fraud is fraud that occurs in an original action.[9]  False testimony before the court is intrinsic fraud.  *Textile Fabricators, Inc. v. C.R.C. Indus., Inc.,* 43 N.C. App. 530 (1979).  Intrinsic fraud cannot be collaterally attacked by an independent action and can only be corrected by motion in the cause or a motion before the court upon which the fraud was perpetrated, pursuant to Rule 60(b)(3).  *Id.* at 532 (citing *Stokley v. Stokley*, 30 N.C. App. 351, 354-55 (1976)).

[28]    By way of this Sixth Claim, Plaintiffs attempt to attack the deeds in question collaterally through this independent action.  Such a procedure is not proper for challenging a deed obtained by alleged intrinsic fraud.  As such, this Claim constitutes an impermissible collateral attack on the judgment in the Prior Action.[10]  The proper avenue for Plaintiffs to pursue would have been to attack the Partition Sale

---

[8] Dare Co. Special Proceeding No. 06 SP 133; May 3, 2007 Order of Conf.; May 10, 2007 Order.
[9] BLACK'S LAW DICTIONARY (9th ed. 2009).
[10] *See* n. 8, *supra*.

through a Rule 60(b)(3) motion or to attack the original order allowing the vote that authorized the partition to occur.

[29]    The Sixth Claim therefore is barred.  The Motion should be GRANTED as to the Sixth Claim and it should be DISMISSED.

III.

ORDER

NOW THEREFORE, based upon the foregoing, it is ORDERED that:

[30]    There exists no genuine issue of material fact with regard to Plaintiffs' First and Sixth Claims, and Defendant Dixon is entitled to summary judgment in his favor as to each of said Claims.  Accordingly, as to the Plaintiffs' First and Sixth Claims, Defendant's Motion for Summary Judgment is GRANTED and Plaintiffs' First Claim and Sixth Claim hereby are DISMISSED as to Defendant Dixon.

[31]    With regard to Plaintiffs' Second through Fifth Claims, there exist one or more genuine issues of material fact, and Defendant Dixon is not entitled to summary judgment in his favor as to said Claims.  Accordingly, as to Plaintiffs' Second through Fifth Claims, Defendant's Motion for Summary Judgment is DENIED.

SO ORDERED, this the 29th day of July, 2011.