Harco Nat'l Ins. Co. v. Grant Thornton, LLP, 2012 NCBC 11.

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                                     SUPERIOR COURT DIVISION
COUNTY OF WAKE                             05 CVS 2500

| | | |
|---|---|---|
| HARCO NATIONAL INSURANCE COMPANY, | ) ) | |
| Plaintiff | ) ) | **OPINION AND ORDER ON MOTIONS FOR** |
| v. | ) ) | **SUMMARY JUDGMENT** |
| GRANT THORNTON, LLP, | ) ) | |
| Defendant | ) | |

       THIS MATTER comes before the court upon the following motions for summary judgment pursuant to Rule 56, North Carolina Rules of Civil Procedure ("Rule(s)"): (a) Defendant Grant Thornton LLP's Motion for Summary Judgment on Plaintiff Harco National Insurance Company's Claims for Negligence and Negligent Misrepresentation ("Defendant's MSJ on Negligent Misrepresentation"), (b) Defendant Grant Thornton LLP's Motion for Summary Judgment Regarding the Purported Inclusion of Payments Made by Non-Parties Rosemont Reinsurance Ltd. and IAT Reinsurance Company Ltd. as Damages in this Action ("Defendant's MSJ on Damages") and (c) Plaintiff Harco National Insurance Company's Motion for Summary Adjudication of Certain of Defendant's Affirmative Defenses ("Plaintiff's MSJ") (collectively, the "Motions"); and

       THE COURT, after considering the Motions, arguments and briefs in support of and in opposition to the Motions, other submissions of counsel and appropriate matters of record, FINDS and CONCLUDES as follows:

       [1]     Under Rule 56(c), summary judgment is to be rendered "forthwith" if the pleadings, depositions, answers to interrogatories and admissions on file, together with

the affidavits, if any, show that upon the forecast of evidence there exists no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. *Grayson v. High Point Dev. Ltd. P'ship*, 175 N.C. App. 786, 788 (2006). The court views the evidence in the light most favorable to the nonmoving party. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733 (1998).

### Defendant's MSJ on Negligent Misrepresentation

[2]     Defendant contends that it is entitled to summary judgment on Plaintiff's claim for negligent misrepresentation, as stated in Plaintiff's Second Claim for Relief in its First Amended Complaint.[1]

[3]     A claim for negligent misrepresentation requires proof that (a) a misrepresentation was made without reasonable care (b) by a person owing a duty of care, (c) which was relied upon justifiably (d) to the relying party's detriment. *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200, 206 (1988).

[4]     Among other things, Defendant argues that Plaintiff cannot prove that a duty of care was owed by Defendant to Plaintiff, under the standard set forth in *Raritan*, 322 N.C. 200 (1988). Additionally, Defendant contends that Plaintiff cannot prove the element of actual and justifiable reliance.

[5]     Based upon the forecast of admissible evidence, the court CONCLUDES that there exist genuine issues of material fact as to whether Defendant owed a duty of care to Plaintiff and whether Plaintiff actually and justifiably relied upon the alleged

---

[1] Defendant initially moved for summary judgment on Plaintiff's negligence claim, styled as Plaintiff's First Claim for Relief in its First Amended Complaint. However, Plaintiff has since acknowledged that its negligence claim is duplicative of its negligent misrepresentation claim, and Plaintiff's counsel represented in their briefing and at oral argument that Plaintiff intends to dismiss its negligence claim voluntarily. Accordingly, for purposes of the instant Motions, the court will treat Plaintiff's negligence claim as if it has been dismissed.

misrepresentations.[2]  Accordingly, Defendant's MSJ on Negligent Misrepresentation should be DENIED.

Defendant's MSJ on Damages

[6]     Defendant contends that it is entitled to summary judgment on Plaintiff's claim for damages to the extent Plaintiff seeks to recover funds paid to it by allegedly-subrogated non-party reinsurers Rosemont Reinsurance Ltd. ("Rosemont")[3] and IAT Reinsurance Company Ltd. ("IAT").

[7]     Specifically, Defendant argues that IAT does not have subrogation rights against Defendant with regard to the funds it paid to Plaintiff and that the collateral source rule does not apply in this case.

[8]     Defendant further contends that Plaintiff should be estopped from asserting damages in this action based upon its representations made to state insurance regulators.  Indeed, Plaintiff reported to insurance regulators that it has not and does not expect to incur "any net retained loss" from the Capital Bonding Corporation ("CBC") program, which Plaintiff allegedly entered into based upon Defendant's representations and which apparently was the source of the damages complained of by Plaintiff in this action.

[9]     Based upon the forecast of admissible evidence, the court CONCLUDES that there exist genuine issues of material fact with regard to the recoverability by

---

[2] The court observes that this presents a close question, and the court may revisit this issue at a later and more appropriate time, including at the directed verdict stage should this matter go to trial.
[3] After the filing of Defendant's MSJ on Damages, by letter dated December 22, 2011, counsel for Plaintiff notified the court that "Harco and Rosemont were able to reach an agreement and Rosemont will no longer be pursuing a subrogation claim in this case."  The court reads this letter to mean that Plaintiff no longer is seeking recovery from Defendant in this action for any reinsurance payment to Plaintiff by Rosemont.

Plaintiff in this action for payments made to it by IAT. Accordingly, Defendant's MSJ on Damages should be DENIED.[4]

### Plaintiff's MSJ

[10] Plaintiff contends that it is entitled to partial summary judgment on several of Defendant's affirmative defenses, including the Eighth, Ninth, Twelfth, Thirteenth, Fourteenth and Sixteenth Defenses in Defendant's Answer.

### Defendant's Eighth and Sixteenth Defenses

[11] Plaintiff contends that Defendant's Eighth and Sixteenth defenses should be stricken because they are not based on the law of North Carolina, and the Court of Appeals previously has ruled that North Carolina law should apply here. *See Harco Nat'l Ins. Co. v. Grant Thornton LLP*, 698 S.E.2d 719 (N.C. Ct. App. Sept. 19, 2010). Defendant agrees that its Eighth Defense is based on application of the Illinois Public Accounting Act and that its Sixteenth Defense is based on the economic loss doctrine, which does not apply under the circumstances of this matter. *Coker v. DaimlerChrysler Corp.*, 172 N.C. App. 386, 405-07 (2005) (Hudson, J., dissenting), *aff'd per curium*, 360 N.C. 398 (2006). Neither of these two defenses is legally supportable under the forecast facts and law of this matter.

[12] Consequently, the court CONCLUDES that Plaintiff's MSJ should be GRANTED with respect to Defendant's Eighth and Sixteenth Defenses, and they should be stricken from Defendant's Answer.

---

[4] The court observes that this presents a close question. It may revisit this issue at a later and more appropriate time, including at directed verdict stage should this matter go to trial.

## Defendant's Ninth, Twelfth, Thirteenth and Fourteenth Defenses

[13]    Plaintiff also seeks summary judgment in its favor with regard to Defendant's Ninth, Twelfth, Thirteenth and Fourteenth Defenses.  By those defenses, Defendant raised issues of whether Plaintiff's claims are barred by (a) Rule 12(b)(6) (Ninth Defense); (b) the conduct of CBC, Plaintiff's admitted agent (Twelfth Defense); (c) superseding, intervening and supervening negligence (Thirteenth Defense) and (d) the defense that Harco cannot recover damages for amounts that were paid by Rosemont and IAT (Fourteenth Defense).

[14]    Based upon the forecast of admissible evidence, the court CONCLUDES that there exist genuine issues of material fact with respect to Defendant's Ninth, Twelfth, Thirteenth and Fourteenth Defenses.  Accordingly, Plaintiff's MSJ should be DENIED with respect to said defenses.

NOW THEREFORE, it hereby is ORDERED that:

[15]    Defendant Grant Thornton LLP's Motion for Summary Judgment on Plaintiff Harco National Insurance Company's Claims for Negligence and Negligent Misrepresentation is DENIED.

[16]    Defendant Grant Thornton LLP's Motion for Summary Judgment Regarding the Purported Inclusion of Payments Made by Non-Parties Rosemont Reinsurance Ltd. and IAT Reinsurance Company Ltd. as Damages in this Action is DENIED.

[17]    Plaintiff Harco National Insurance Company's Motion for Summary Adjudication of Certain of Defendant's Affirmative Defenses is GRANTED with respect

to Defendant's Eighth and Sixteenth Defenses, and said Defenses hereby are STRICKEN from Defendant's Answer.

[18]    Plaintiff Harco National Insurance Company's Motion for Summary Adjudication of Certain of Defendant's Affirmative Defenses is DENIED with respect to Defendant's Ninth, Twelfth, Thirteenth and Fourteenth Defenses.

[19]    On Monday, March 5, 2012, at 1:00 p.m., at the North Carolina Business Court, 225 Hillsborough Street, Suite 303, Raleigh, North Carolina, the court will conduct a status conference with all parties to this action for the purpose of setting this matter for trial and determining any remaining issues.

This the 9th day of February, 2012.